1  THEODORE J. BOUTROUS, JR., SBN 132099
   tboutrous@gibsondunn.com
2  DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
3  STEVEN E. SLETTEN, SBN 107571
   ssletten@gibsondunn.com
4  SAMUEL G. LIVERSIDGE, SBN 180578
   sliversidge@gibsondunn.com
5  JAY P. SRINIVASAN, SBN 181471
   jsrinivasan@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
7  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
8  Facsimile: 213.229.7520

9  CYNTHIA E. RICHMAN (*pro hac vice forthcoming*)
   crichman@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue NW
11 Washington, D.C. 20036
   Telephone: 202.955.8500

12
   Attorneys for Defendant
13 CHEVRON U.S.A. INC.

14 [Additional Counsel on Signature Pages]

15          **UNITED STATES DISTRICT COURT**

16         **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17 RICHARD BARTLETT, JOSHUA EBRIGHT, PAUL LEE, DAVID 18 RINALDI, and KRISTINE SNYDER, on Behalf of Themselves and All Others 19 Similarly Situated, | Lead Case No. 3:18-cv-01374-L-AGS (*Consolidated with Case No. 3:18-cv-01377-L-AGS*) |
| 20          Plaintiffs, | **CLASS ACTION** |
| 21    v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CAUSES OF ACTION** |
| 22 BP WEST COAST PRODUCTS LLC, CHEVRON U.S.A. INC., TESORO 23 REFINING & MARKETING COMPANY LLC, EQUILON 24 ENTERPRISES LLC, EXXON MOBIL CORPORATION, VALERO 25 MARKETING AND SUPPLY COMPANY, PHILLIPS 66, ALON 26 USA ENERGY, INC., and DOES 1-25, Inclusive, | **BARRED BY THE STATUTE OF LIMITATIONS** Complaint Filed: June 21, 2018 Consolidated Compl. Filed: Aug. 8, 2018 Judge:  Hon. M. James Lorenz Courtroom:  5B Hearing Date:  Oct. 29, 2018, 11:00 a.m. [No oral argument unless requested by the Court] |
| 27          Defendants. | |
| 28 | Trial Date:  Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 29, 2018, at 11:00 a.m., or as soon thereafter as may be heard before the Honorable M. James Lorenz, in Courtroom 5B of the United States District Court, Southern District of California, located at 221 West Broadway, San Diego, CA 92101, Defendants BP West Coast Products LLC, Chevron U.S.A. Inc., Tesoro Refining & Marketing Company LLC, Equilon Enterprises LLC, Exxon Mobil Corporation, Valero Marketing and Supply Company, Phillips 66, and Alon USA Energy, Inc. ("Defendants") will and hereby do move this Court to dismiss, in part, the claims brought by Plaintiffs Richard Bartlett, Joshua Ebright, Paul Lee, David Rinaldi, and Kristine Snyder ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion is based on the grounds that the four-year statute of limitations bars Plaintiffs' claims under California's Cartwright Act and Unfair Competition Law that arose before June 21, 2014.

This motion is based on this Notice of Motion and Joint Motion, the concurrently filed Memorandum of Points and Authorities, and the pleadings and papers on file herein.

DATED: September 7, 2018          GIBSON, DUNN & CRUTCHER LLP

                                  By: *s/ Theodore J. Boutrous, Jr.*
                                  THEODORE J. BOUTROUS, JR.

                                  Counsel for Defendant
                                  CHEVRON U.S.A. LLC

DATED: September 7, 2018          JONES DAY

                                  By: *s/ David C. Kiernan*
                                  DAVID C. KIERNAN

                                  Counsel for Defendant
                                  TESORO REFINING & MARKETING
                                  COMPANY LLC

| | |
|---|---|
| 1 | DATED: September 7, 2018       MORGAN LEWIS & BOCKIUS LLP |
| 2 | |
| 3 | By: s/ Kent M. Roger<br>KENT M. ROGER |
| 4 | |
| 5 | Counsel for Defendant<br>EQUILON ENTERPRISES LLC doing |
| 6 | business as SHELL OIL PRODUCTS<br>US |
| 7 | |
| 8 | DATED: September 7, 2018       O'MELVENY & MEYERS |
| 9 | By: s/ Charles C. Lifland |
| 10 | CHARLES C. LIFLAND |
| 11 | WILSON TURNER KOSMO LLP |
| 12 | |
| 13 | By: s/ Robin A. Wofford<br>ROBIN A. WOFFORD |
| 14 | |
| 15 | Counsel for Defendant<br>EXXON MOBIL CORPORATION |
| 16 | |
| 17 | DATED: September 7, 2018       CRONE HAWXHURST LLP |
| 18 | By: s/ Gerald E. Hawxhurst |
| 19 | GERALD E. HAWXHURST |
| 20 | Counsel for Defendant |
| 21 | VALERO MARKETING AND SUPPLY<br>COMPANY |
| 22 | |
| 23 | DATED: September 7, 2018       BAKER & HOSTETLER, LLP |
| 24 | By: s/ Carl W. Hittinger |
| 25 | CARL W. HITTINGER |
| 26 | Counsel for Defendant |
| 27 | ALON U.S.A. ENERGY, INC. |
| 28 | |

1    DATED: September 7, 2018          SULLIVAN & CROMWELL LLP
2
3                                      By: _s/ Robert A. Sacks_
                                       ROBERT A. SACKS
4
                                       Counsel for Defendant
5                                      BP WEST COAST PRODUCTS LLC
6
     DATED: September 7, 2018          NORTON ROSE FULBRIGHT
7
8                                      By: _s/ Joshua D. Lichtman_
                                       JOSHUA D. LICHTMAN
9
10                                     Counsel for Defendant
                                       PHILLIPS 66
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' MOTION TO DISMISS          LEAD CASE No. 3:18-CV-01374-L-AGS

# TABLE OF CONTENTS

Page

I.      INTRODUCTION.................................................................1

II.     SUMMARY OF ALLEGATIONS ...........................................2

III.    PROCEDURAL HISTORY....................................................4

IV.     LEGAL STANDARD............................................................5

V.      ARGUMENT .......................................................................5

        A.      The Statute of Limitations Bars All of Plaintiffs' Claims That
                Arose Before June 21, 2014............................................5

        B.      Plaintiffs Have Not Pleaded Any Exception to the Statute of
                Limitations to Save Their Time-Barred Claims ...................8

                1.      The Continuing Violation Exception Does Not Apply
                        Because Plaintiffs Allege Complete Causes of Action in
                        2012....................................................................8

                2.      Plaintiffs Have Not Pleaded Fraudulent Concealment ...............10

VI.     CONCLUSION ..................................................................15

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' MOTION TO DISMISS                    LEAD CASE NO. 3:18-CV-01374-L-AGS

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Similasan Corp.*,
    96 F. Supp. 3d 1063 (S.D. Cal. 2015) ........................................................ 11, 15

*Almont Ambulatory Surgery Ctr. LLC v. United Health Grp., Inc.*,
    No. 14-3053, 2015 WL 12777091 (C.D. Cal. Feb. 12, 2015) ............................. 7

*Anderson News, L.L.C. v. Am. Media, Inc.*,
    680 F.3d 162 (2d Cir. 2012) ................................................................ 2

*Anderson News, L.L.C. v. Am. Media, Inc.*,
    No. 15-2714-CV, 2018 WL 3716083 (2d Cir. July 19, 2018) ............................. 2

*In re Animation Workers Antitrust Litig.*,
    87 F. Supp. 3d 1195 (N.D. Cal. 2015) ...................................................... 6, 15

*Argus, Inc., v. Eastman Kodak Co.*,
    552 F. Supp. 589 (S.D.N.Y. 1982) ............................................................ 7

*Aryeh v. Canon Bus. Sols., Inc.*,
    55 Cal. 4th 1185 (2013) ................................................................... 6, 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................... 5

*In re Aspartame Antitrust Litig.*,
    2007 WL 5215231 (E.D. Pa. Jan. 18, 2007) ............................................... 14

*Bd. of Trustees of Galveston Wharves, et al. v. Trelleborg, AB, et al.*,
    2010 WL 11508414 (C.D. Cal. Nov. 22, 2010) ............................................ 14

*Blyden v. Navient Corp.*,
    No. 14-2456, 2016 WL 6601658 (C.D. Cal. Feb. 16, 2016) .......................... 13, 14

*Collins v. Nationalpoint Loan Servs.*,
    No. 09-1314, 2009 WL 3213979 (S.D. Cal. Sept. 29, 2009) ............................. 13

*Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*,
    858 F.2d 499 (9th Cir. 1988) ............................................................ 11, 15

Page(s)

*Dayco Corp. v. Goodyear Tire & Rubber Co.*,
    523 F.2d 389 (6th Cir. 1975)................................................................12

*DC Comics v. Pac. Pictures Corp.*,
    938 F. Supp. 2d 941 (C.D. Cal. 2013)...................................................9

*DeBenedictis v. Merrill Lynch & Co., Inc.*,
    492 F.3d 209 (3d Cir. 2007)................................................................12

*Deirmenjian v. Deutsche Bank, A.G.*,
    No. 06-00774, 2006 WL 4749756 (C.D. Cal. Sept. 25, 2006)..............8

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ..............................................................5

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005).......................................................................15

*Garrison v. Oracle Corp.*,
    159 F. Supp. 3d 1044 (N.D. Cal. 2016)..................................5, 6, 14, 15

*Glob. Servs. v. Ikon Office Sols.*,
    No. 10-05974, 2011 WL 6182425 (N.D. Cal. Dec. 13, 2011)..........7, 12, 14

*Guerrero v. Gates*,
    442 F.3d 697 (9th Cir. 2006)........................................................10, 14

*Hennegan v. Pacifico Creative Serv., Inc.*,
    787 F.2d 1299 (9th Cir. 1986) ..........................................................6, 7

*Hexcel Corp. v. Ineos Polymers, Inc.*,
    681 F.3d 1055 (9th Cir. 2012) ..........................................10, 11, 12, 13

*Hill v. Opus Corp.*,
    841 F. Supp. 2d 1070 (C.D. Cal. 2011)................................................7

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006)................................................................5

*Ilaw v. Daughters of Charity Health Sys.*,
    No. 11-2752, 2012 WL 381240 (N.D. Cal. Feb. 6, 2012)....................8

*Klehr v. A.O Smith Corp.*,
  521 U.S. 179 (1997)..................................................................6

*Koch v. Christie's Int'l, PLC*,
  699 F.3d 141 (2d Cir. 2012) ...................................................13

*LaSalvia v. United Dairymen of Arizona*,
  804 F.2d 1113 (9th Cir. 1986) ................................................10

*Lloyd's Material Supply Co. v. Regal Beloit Corp.*,
  No. 16-8027, 2017 WL 5172206 (C.D. Cal. June 27, 2017)...............7

*In re Magnesium Oxide Antitrust Litig.*,
  2011 WL 5008090 (D.N.J. Oct. 20, 2011) ................................14

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)..................................................................8

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993)......................................................14

*Newcal Indus., Inc. v. IKON Office Sols., Inc.*,
  No. 04-02776, 2011 WL 1899404 (N.D. Cal. May 19, 2011)............7

*Pace Indus., Inc. v. Three Phoenix Co.*,
  813 F.2d 234 (9th Cir. 1987) ....................................................5

*In re Packaged Seafood Prod. Antitrust Litig.*,
  242 F. Supp. 3d 1033 (S.D. Cal. 2017) ...................................10

*In re Packaged Seafood Prod. Antitrust Litig.*,
  No. 15-MD-2670, 2017 WL 35571 (S.D. Cal. Jan. 3, 2017) .............5

*Pooshs v. Philip Morris USA, Inc.*,
  51 Cal. 4th 788 (2011).............................................................6

*In re Pre-Filled Propane Tank Antitrust Litig.*,
  860 F.3d 1059 (8th Cir. 2017) ................................................10

*Rutledge v. Boston Woven Hose & Rubber Co.*,
  576 F.2d 248 (9th Cir. 1978) ..................................................13

Page(s)

*Ryan v. Microsoft Corp.*,
  147 F. Supp. 3d 868 (N.D. Cal. 2015)...............................................6, 15

*Santa Maria v. Pacific Bell*,
  202 F.3d 1170 (9th Cir. 2000) ....................................................14

*Sherwin-Williams Co. v. JB Collision Servs., Inc.*,
  No. 13-CV-1946-LAB, 2014 WL 5112057 (S.D. Cal. Oct. 10, 2014) ...................9

*Small Axe Enterprises, Inc. v. Amscan, Inc.*,
  No. 16-981-BEN, 2017 WL 1479236 (S.D. Cal. Apr. 25, 2017)........................8

*Smith v. eBay Corp.*,
  No. 10-03825, 2012 WL 27718 (N.D. Cal. Jan. 5, 2012)............................7

*Stockton Citizens for Sensible Planning v. City of Stockton*,
  48 Cal. 4th 481 (2010).............................................................2

*Streamcast Networks, Inc. v. Skype Techs., S.A.*,
  No. CV 06-391, 2006 WL 5437322 (C.D. Cal. Sept. 14, 2006).......................13

*TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktiebolaget LM*
  *Ericsson*,
  No. 14-0341, 2016 WL 7049263 (C.D. Cal. Aug. 9, 2016)...........................9

*Thibodeaux v. Teamsters Local 853*,
  263 F. Supp. 3d 772 (N.D. Cal. 2017)...........................................11

*Thorman v. American Seafoods Co.*,
  421 F.3d 1090 (9th Cir. 2005) ....................................................10

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
  No. 07-05634, 2011 WL 1753738 (N.D. Cal. May 9, 2011) ..........................7

*United Klans of America v. McGovern*,
  621 F.2d 152 (5th Cir. 1980)......................................................12

*Volk v. D.A. Davidson & Co.*,
  816 F.2d 1406 (9th Cir. 1987) ...................................................11

*Wasco Products, Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006).....................................................8

<u>Page(s)</u>

*Westlake Servs., LLC v. Credit Acceptance Corp.*,
No. 15-7490, 2017 WL 8948263 (C.D. Cal. Dec. 28, 2017)................................7

*Wolf v. Travolta*,
167 F. Supp. 3d 1077 (C.D. Cal. 2016)..............................................9

*Wong v. Vill. Green Owners' Ass'n*,
No. 14-3803, 2014 WL 12586442 (C.D. Cal. Sept. 16, 2014)............................9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
401 U.S. 321 (1971)..............................................5

**Statutes**

Cal. Bus. & Prof. Code § 16750.1..............................................5

Cal. Bus. & Prof. Code § 17208..............................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs are five San Diego residents who allege that eight Defendants[1] engaged in an anticompetitive conspiracy to reduce supplies of gasoline and/or take concerted steps to inflate gasoline prices in California.  Plaintiffs claim that the alleged scheme caused price spikes in 2012 and 2015, injuring Plaintiffs.  Because Plaintiffs delayed bringing these claims until June 21, 2018, the statute of limitations precludes all of Plaintiffs' claims that arose before June 21, 2014 (i.e., more than four years before they filed suit).

Plaintiffs copied their allegations almost verbatim from a complaint filed more than three years ago.  *See Persian Gulf Inc. v. BP West Cost Prods. LLC*, No. 3:15-cv-1749-L-AGS (C.D. Cal. July 7, 2015).  On June 19, 2018, this Court denied the defendants' motion to dismiss the amended complaint in that case.  Two days later, the Plaintiffs in this case filed two complaints (since consolidated), nearly identical to that in *Persian Gulf*.

The statute of limitations does not permit a plaintiff to wait several years to see if claims in a related action are viable before filing a copycat case.  That's what these Plaintiffs have done.  The face of their Complaint shows that certain of Plaintiffs' claims accrued no later than 2012, and that Plaintiffs then had actual or constructive knowledge of their claims.  Plaintiffs rely heavily on published reports, newspaper articles, regulatory data, and governmental inquiries from 2012 and earlier.  In *Persian Gulf*, this Court held that allegations based on those same public documents were sufficient to withstand a motion to dismiss.  Plaintiffs had access to those same materials in 2012, but chose to wait six years to file their Complaint.

---

[1]  BP West Coast Products LLC, Chevron U.S.A. Inc., Tesoro Refining & Marketing Company LLC, Equilon Enterprises LLC, Exxon Mobil Corporation, Valero Marketing and Supply Company, Phillips 66, and Alon USA Energy, Inc. ("Defendants").

As Defendants will demonstrate at the appropriate time, Plaintiffs' claims here, as in *Persian Gulf*, are meritless. Plaintiffs' case rests on allegations that are half-truths or outright untruths, and their theories are implausible as a matter of economic logic. The fatal deficiencies in Plaintiffs' theories will become evident at the summary-judgment stage. *Compare Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) (holding that plaintiff pleaded a plausible antitrust claim), *with Anderson News, L.L.C. v. Am. Media, Inc.*, No. 15-2714-CV, 2018 WL 3716083, at *9 (2d Cir. July 19, 2018) (affirming summary judgment in same case because the undisputed facts exposed the alleged conspiracy as "economically implausible"). However, the Court need not wait until then to conclude that many of Plaintiffs' claims rest on conduct that allegedly occurred, and of which Plaintiffs had actual or constructive knowledge, long before the cutoff date of the applicable four-year statute of limitations. *See Stockton Citizens for Sensible Planning v. City of Stockton*, 48 Cal. 4th 481, 504 (2010) ("statutes of limitations apply equally to well- and ill-founded suits").

As a consequence, Defendants respectfully request that the Court grant their motion and rule that Plaintiffs cannot recover for claims arising more than four years before they filed suit. Defendants respectfully request that the Court dismiss all of Plaintiffs' claims that are based on facts or events dated before June 21, 2014, and rule now that they may not recover alleged damages incurred before June 21, 2014.

## II.     SUMMARY OF ALLEGATIONS

Plaintiffs allege that Defendants engaged in an "illegal conspiracy to manipulate and maintain the prices of gasoline in California at supracompetitive prices." Consolidated Complaint ("Compl.") ¶ 1. They claim that Defendants' alleged illegal conduct resulted in gasoline "price spikes" in 2012 and then again in 2015, when "prices moved drastically out of line with the national average." *Id.* ¶ 3.

Regarding the alleged 2012 price spikes, Plaintiffs rely on contemporaneous, publicly available documents and data that they claim show that Defendants illegally

drove up prices. Specifically, Plaintiffs cite published 2012 and 2013 public reports from McCullough Research (Compl. ¶¶ 5–6, 39; *see also* Order Denying Motion to Dismiss in *Persian Gulf*, No. 15-cv-01749-L-AGS, Dkt. No. 86 at 8–9 (June 19, 2018) ("*Persian Gulf* Order") (citing allegations regarding the 2012 reports from McCullough Research)); 2012 public data from the U.S. Energy Information Administration, Southern California Edison, and Defendants' own refineries (Compl. ¶ 7, 37, 44; *see also Persian Gulf* Order at 8–9 (citing allegations regarding the same Energy Information Administration data)); several 2012 newspaper articles (Compl. ¶¶ 39, 42), and a number of government inquiries, including 2012 public letters from Senator Dianne Feinstein and Congressman Peter DeFazio (*id.* ¶¶ 132–36; *see also Persian Gulf* Order at 8-9 (citing allegations that several U.S. Senators urged an investigation by the Department of Justice into possible market manipulation and that "Senator Diane Feinstein urged the Federal Trade Commission to investigate the same price spikes")). Plaintiffs claim there were "widespread public calls for an explanation" for the 2012 price spikes, but that "no economically sensible explanation has yet been given." Compl. ¶ 43. Plaintiffs also rely upon public documents that predate the alleged 2012 price spikes, including internal memos "from the 1990s" that were "released [to the public] in 2011 by Senator Ron Wyden," and a public 2002 Senate Report that allegedly demonstrated that the "California refining industry is an oligopoly." *Id.* ¶¶ 56, 104; *see also Persian Gulf* Order at 8-9 (citing allegations regarding documents released in 2011 Senator Wyden).

Plaintiffs bring two purported causes of action—for violation of the Cartwright Act, Cal. Bus. & Prof. Code §16700 et seq., and the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq. ("UCL")—claiming that "Defendants' conspiracy constitutes a *per se* violation of the Cartwright Act and is an unreasonable and unlawful restraint of trade and an unlawful, unfair, or fraudulent practice under the UCL." Compl. ¶ 158.

Plaintiffs seek to represent a class of "[a]ll persons or entities that purchased or paid the retail price for gasoline for consumption … in California that was refined or produced by a defendant during the Class Period (February 1, 2012 to present) and were damaged thereby." *Id.* ¶ 142.

## III.  PROCEDURAL HISTORY

On July 7, 2015, Persian Gulf Inc., the operator of a "76" gas station, sued nine defendants, including all eight of the Defendants in this case (and/or their corporate affiliates).  The case was removed to this Court on August 6, 2015.  *Persian Gulf Inc., et al. v. BP West Coast Products LLC, et al.*, S.D. Cal. Case No. 15-cv-01749-L-AGS, Dkt. 1.

Persian Gulf alleged a price-fixing scheme that resulted in gasoline "price spikes" in 2012 and then again in 2015.  Persian Gulf alleged that it was injured by purchasing wholesale gasoline from the defendants, and brought claims under the Sherman Antitrust Act, 15 U.S.C. §1 et seq., Cartwright Act, and UCL.

The defendants successfully moved to dismiss Persian Gulf's initial complaint for failure to state a claim.  *Id.*, Dkt. 66.  On September 22, 2016, Persian Gulf filed an amended complaint.  *Id.*, Dkt. 76.  The Court denied defendants' second motion to dismiss on June 19, 2018.  *Id.*, Dkt. 86.

Two days later, Plaintiffs filed their complaints, alleging claims almost identical to the amended complaint in *Persian Gulf.*  On July 18, 2018, both the *Bartlett* and *Rinaldi* cases were transferred to this Court because, among other reasons, they "arise from the same or substantially identical transactions, happening or events" as alleged in *Persian Gulf.*  No. 3:18-cv-1374, Dkt. 31; *see also* Dkt. 46 (order coordinating *Persian Gulf* with *Bartlett/Rinaldi* for pre-trial proceedings).  On July 26, 2018, the Court consolidated the *Bartlett* and *Rinaldi* cases and ordered Plaintiffs to file a consolidated complaint.  *Id.*, Dkt. 35.  The consolidated complaint was filed on August 8, 2018.

## IV. LEGAL STANDARD

A claim should be dismissed as time-barred under Rule 12(b)(6) when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citation and internal marks omitted). Although the Court accepts well-pleaded allegations of material fact as true, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal marks omitted). That is because the Supreme Court has made clear that evaluating "whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## V. ARGUMENT

The face of the Complaint establishes that Plaintiffs' claims arising before June 21, 2014, are time-barred. Plaintiffs cannot satisfy any exception to the statute of limitations.

### A. The Statute of Limitations Bars All of Plaintiffs' Claims That Arose Before June 21, 2014

The statute of limitations for both of Plaintiffs' causes of action is four years. *See* Cal. Bus. & Prof. Code § 16750.1 ("Cartwright Act"); Cal. Bus. & Prof. Code § 17208 ("UCL"). An antitrust claim accrues—and the four-year statute of limitations begins to run—when the defendant commits an act that is alleged to violate the antitrust laws and injure the plaintiff. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("[a] cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff[]") (citation and internal marks omitted); *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987) (same).[2]

---

[2] *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670, 2017 WL 35571, at *14 (S.D. Cal. Jan. 3, 2017) ("a[n] [antitrust] cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff[]") (citation omitted); *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1066 (N.D. Cal. 2016)

This same accrual rule applies to Plaintiffs' antitrust claims under California's
Cartwright Act and the UCL. As the district court explained in *In re Animation
Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1210–11 (N.D. Cal. 2015), California
follows the "last element rule," which provides that a claim accrues "when [it] is
complete with all of its elements—those elements being wrongdoing, harm, and
causation." *Id.* at 1208, n.10 (citing *Pooshs v. Philip Morris USA, Inc.*, 51 Cal. 4th
788, 797 (2011)). Thus, Cartwright Act and UCL claims accrue as soon as a defendant
is alleged to commit an anticompetitive act that injures the plaintiff, because at that
point all of the elements of the plaintiff's claim are complete. *See id.* at 1210–11;
*Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 880 (N.D. Cal. 2015); *Garrison*, 159 F.
Supp. 3d at 1064.

Where, as here, a plaintiff alleges *multiple* successive anticompetitive acts over
time, each act creates a new antitrust claim and starts a new statute of limitations
period. *See Klehr v. A.O Smith Corp.*, 521 U.S. 179, 189 (1997) ("Antitrust law
provides that, in the case of a 'continuing violation,' say, a price–fixing conspiracy that
brings about a series of unlawfully high priced sales over a period of years, each overt
act that is part of the [antitrust] violation and that injures the plaintiff, *e.g.,* each sale to
the plaintiff, starts the statutory period running again, regardless of the plaintiff's
knowledge of the alleged illegality at much earlier times.") (internal marks omitted);
*Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013) ("'When an obligation
or liability arises on a recurring basis, a cause of action accrues each time a wrongful
act occurs, triggering a new limitations period.'") (citation omitted).

The commission of new anticompetitive acts within the limitations period does
*not* permit the plaintiff to recover for old acts outside the limitations period. Instead,
"a suit for relief may be partially time-barred as to older events but timely as to those
within the applicable limitations period." *Aryeh*, 55 Cal. 4th at 1192; *see also Klehr*,

---

("this Court is bound by the Ninth Circuit's decision that, absent an exception, a
Sherman Act claim accrues at the time of the anticompetitive conduct").

521 U.S. at 189; *Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1302 (9th Cir. 1986) (plaintiff precluded from recovering "for injuries alleged to have been inflicted prior to the limitations period," even though he also pleaded separate antitrust-conspiracy violations within the limitations period); *Argus, Inc., v. Eastman Kodak Co.*, 552 F. Supp. 589, 595 (S.D.N.Y. 1982) ("Plaintiffs cannot avoid the bar of the statute of limitations merely by characterizing each claim as part of a broad ongoing conspiracy continuing into the limitations period").

A "partial" motion to dismiss is a proper vehicle for cutting off a plaintiff's recovery of time-barred claims. *See, e.g.*, *Glob. Servs. v. Ikon Office Sols.*, No. 10-05974, 2011 WL 6182425, at *5 (N.D. Cal. Dec. 13, 2011) (granting motion to dismiss and holding that "Plaintiffs shall not be permitted to recover damages premised on conduct that occurred prior to December 30, 2006"); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-05634, 2011 WL 1753738, at *23, n.5 (N.D. Cal. May 9, 2011) ("claims based on conduct prior to August 6, 2005 must be dismissed"); *Lloyd's Material Supply Co. v. Regal Beloit Corp.*, No. 16-8027, 2017 WL 5172206, at *5 (C.D. Cal. June 27, 2017) ("to the extent that Plaintiffs' antitrust and UCL claims are based on [conduct in 2010 and 2011], such conduct falls outside the statute of limitations and is therefore not actionable").[3] Thus, when a plaintiff alleges some anticompetitive acts outside the statute of limitations and some within, the proper remedy is to "cut off" the plaintiff's recovery at the point in time when the initial claims expired. *See Hennegan*, 787 F.2d at 1302.

---

[3] *See also, e.g.*, *Almont Ambulatory Surgery Ctr. LLC v. United Health Grp., Inc.*, No. 14-3053, 2015 WL 12777091 (C.D. Cal. Feb. 12, 2015); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1081 (C.D. Cal. 2011); *Newcal Indus., Inc. v. IKON Office Sols., Inc.*, No. 04-02776, 2011 WL 1899404, at *4 (N.D. Cal. May 19, 2011); *Westlake Servs., LLC v. Credit Acceptance Corp.*, No. 15-7490, 2017 WL 8948263, at *5 (C.D. Cal. Dec. 28, 2017); *Smith v. eBay Corp.*, No. 10-03825, 2012 WL 27718, at *4 (N.D. Cal. Jan. 5, 2012); *Aryeh*, 55 Cal. 4th at 1192 ("a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period").

According to the allegations in the Complaint, Plaintiffs' antitrust claims began accruing in 2012 and each of their successive claims expired four years later. Regarding Defendants' alleged conduct in 2012, Plaintiffs plead that all of the elements of those claims were complete in 2012. Specifically, Plaintiffs plead that Defendants engaged in manipulative and collusive conduct causing price spikes in May and October 2012 (*see*, *e.g.*, Compl. ¶ 133), and that Plaintiffs suffered injury in 2012, calculated by an alleged overcharge paid by retail purchasers of gasoline during the 2012 price spikes (*id.* ¶ 45; *see also id.* ¶ 173 (alleging that Plaintiffs paid "supracompetitive prices for gasoline during the Class Period")). The only claims *not* barred by the statute of limitations are those arising within the four years preceding the filing of the Complaint (June 21, 2014–June 21, 2018). But all claims arising from conduct before June 21, 2014 are time-barred.

## B. Plaintiffs Have Not Pleaded Any Exception to the Statute of Limitations to Save Their Time-Barred Claims

Where the statute of limitations has run, "a plaintiff must allege facts to support a plausible claim that [an] equitable tolling doctrine applies in order to survive a motion to dismiss." *Ilaw v. Daughters of Charity Health Sys.*, No. 11-2752, 2012 WL 381240, at *4 n.4 (N.D. Cal. Feb. 6, 2012).[4] Here, Plaintiffs have not pleaded any exceptions to the statute of limitations—nor can they.

### 1. The Continuing Violation Exception Does Not Apply Because Plaintiffs Allege Complete Causes of Action in 2012

The "continuing violation" exception is an equitable-tolling doctrine that applies to claims involving "a series of small harms, any one of which may not be actionable on its own." *Aryeh*, 55 Cal. 4th at 1197; *Small Axe Enterprises, Inc. v. Amscan, Inc.*, No. 16-981-BEN, 2017 WL 1479236, at *6 (S.D. Cal. Apr. 25, 2017) (same). Courts

---

[4] *See also Deirmenjian v. Deutsche Bank, A.G.*, No. 06-00774, 2006 WL 4749756, at *39 (C.D. Cal. Sept. 25, 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings") (quoting *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006)).

generally limit this doctrine to circumstances in which the actionable wrong at issue—for instance, domestic abuse or workplace discrimination—was the sum total of the series of acts rather than any individual discrete act.[5]

But "the continuing violation doctrine has little applicability where, as here, plaintiffs allege a series of discrete, *independently actionable* alleged wrongs, such that it is not necessary for a series of harms to accumulate before the alleged wrongdoing becomes apparent and actionable." *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1104 (C.D. Cal. 2016) (emphasis in original; internal marks omitted). Here, Plaintiffs allege specific incidents of anticompetitive behavior in 2012—including an alleged coordinated effort to announce refinery shutdowns during a four-week window (Compl. ¶ 34), false statements regarding refinery issues designed to drive up prices (*id.* ¶ 35), and the unlawful exchange of nonpublic information with competitors (*id.* ¶ 38). And Plaintiffs allege that this conduct specifically caused May 2012 and October 2012 price spikes, resulting in damages to Plaintiffs at that time. *Id.* ¶ 45. Plaintiffs' causes of action were thus complete at the time of the alleged price spikes, and Plaintiffs did not need to wait six more years to accumulate additional "small harms" before they could sue. *Wolf*, 167 F. Supp. 3d at 1104 (citation omitted). Courts have refused to apply the continuing violation exception in similar circumstances. *See, e.g.*, *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-LAB, 2014 WL 5112057, at *5 (S.D. Cal. Oct. 10, 2014) (continuing violation exception did not apply because "all of the elements of a fraud claim occurred as early as September 2008").[6]

---

[5] *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002) (racial discrimination claim for hostile work environment over extended period of time).
[6] *See also TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson*, No. 14-0341, 2016 WL 7049263, at *6 (C.D. Cal. Aug. 9, 2016) (continuing violation exception did not apply because "[e]ach of [defendant's] discriminatory and unreasonable offers ... constitutes actionable anticompetitive conduct"); *DC Comics v. Pac. Pictures Corp.*, 938 F. Supp. 2d 941, 950 (C.D. Cal. 2013) (exception did not apply because each "overt act of repudiation" constituted a new cause of action "for which [plaintiff] could have filed suit"); *Wong v. Vill. Green Owners' Ass'n*, No. 14-3803, 2014 WL 12586442, at *4 (C.D. Cal. Sept. 16, 2014) (exception did not apply

Even if the continuing violation exception applied here (and it does not), it would still preclude Plaintiffs from recovering damages outside the four-year period preceding the filing of their complaint, as courts have repeatedly held in the antitrust context. *See, e.g.*, *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986) ("[plaintiffs'] recovery is limited to damage incurred within the four years preceding the filing of the complaint").[7]

### 2.  Plaintiffs Have Not Pleaded Fraudulent Concealment

Plaintiffs' assertion that their claims are timely because Defendants "actively concealed" their alleged wrongful conduct (Comp. ¶ 161) is also unavailing. A plaintiff "carries the burden of pleading and proving fraudulent concealment." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012). To plead fraudulent concealment, a plaintiff must allege three elements: (1) the plaintiff did not have actual or constructive knowledge of the facts giving rise to its claim as a result of the defendant's affirmative acts; (2) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim; and (3) the defendant took affirmative acts to mislead the plaintiff. *Id.* Rule 9(b) applies to allegations of fraudulent concealment, and therefore Plaintiffs must plead with particularity *specific facts* on each of these elements. *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006); *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1110 (S.D. Cal. 2017) ("Conclusory statements are not enough") (internal quotation marks omitted). A failure to satisfy any of the required elements defeats application of the doctrine. *See Thorman v. American Seafoods Co.*, 421 F.3d 1090, 1096 (9th Cir. 2005).

While the Complaint makes a fleeting, conclusory assertion that the claims are

---

because defendant's "nonpayment, its use of [plaintiff's] nomination research, and the copyright violation" were all separately actionable).

[7] *See also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1107 (S.D. Cal. 2017) ("It does not therefore necessarily follow that each new injury … provides an avenue of redress for past, non-timely-pursued harms"); *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1068 (8th Cir. 2017) ("plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period").

timely because Defendants "actively concealed" certain unspecified "facts indicating [they had engaged in] misconduct that" artificially inflated California gasoline prices (Compl. ¶ 161), Plaintiffs have not sufficiently pleaded any of the three elements necessary to toll the statute of limitations based on fraudulent concealment.

*First*, the Complaint establishes that Plaintiffs had actual or constructive knowledge of the 2012 facts giving rise to their claims well before June 21, 2014. *See Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988) (finding that there can be no fraudulent concealment if plaintiff has actual or constructive knowledge of the "facts giving rise to [their] claim[s]"). "The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation," and "[i]t is enough that the plaintiff should have been alerted to facts that, following duly diligent inquiry, could have advised it of its claim." *Hexcel*, 681 F.3d at 1060 (internal marks omitted).[8]

Here, Plaintiffs do not even purport to claim they lacked such knowledge. Indeed, Plaintiffs' entire theory of liability as to the 2012 price spikes draws from reports authored by McCullough Research that were published in 2012 and 2013. *See* Compl. ¶¶ 5, 6, 38; *see also Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1071 (S.D. Cal. 2015) (rejecting fraudulent-concealment claim because complaint relied on "internet research" that plaintiff could have completed 10 years earlier). Plaintiffs do not allege that the McCullough reports were nonpublic or not widely disseminated. To the contrary, Plaintiffs allege that the McCullough reports prompted a Congressman to write an open letter to the U.S. Attorney General in 2012 (Compl. ¶ 134) and the preparation of a 2012 rebuttal report from the Western States Petroleum Association, which prompted yet another public McCullough report (*id.* ¶ 48).

---

[8] *See also Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987) ("Appellants must demonstrate that they had neither actual nor constructive notice of the facts constituting their claims"); *Thibodeaux v. Teamsters Local 853*, 263 F. Supp. 3d 772, 778 (N.D. Cal. 2017) (granting motion to dismiss in part because "the FAC contains no allegations showing that Plaintiff lacked actual or constructive knowledge").

1    Plaintiffs also rely on public data from 2012—including data from the U.S.

2    Energy Information Administration and Southern California Edison. *Supra* pp. 2–3.

3    Plaintiffs allege that, on its face, the data disproves Defendants' explanations for lower

4    petroleum output in 2012, but never allege (nor can they) that this 2012 data was

5    unavailable *in* 2012.

6         Plaintiffs also cite 2012 newspaper articles from the L.A. Times and The

7    Oregonian allegedly accusing Defendants of anticompetitive conduct. Compl. ¶¶ 39,

8    42. Plaintiffs allege that the articles led to "*widespread public calls* for an explanation

9    for the [price] spikes," but that "no economically sensible explanation has yet been

10   given." *Id.* ¶ 43 (emphasis added). Plaintiffs do not allege that they could not have

11   found the articles had Plaintiffs investigated the alleged price spikes or that they were

12   actually or reasonably oblivious to the "widespread *public* calls" they affirmatively

13   plead. *See. e.g.*, *DeBenedictis v. Merrill Lynch & Co., Inc.*, 492 F.3d 209, 217–18 (3d

14   Cir. 2007) (affirming dismissal of action as time-barred because a Wall Street Journal

15   article and other publications placed plaintiff on inquiry notice).

16        Each of these allegations, by itself, would be sufficient to negate Plaintiffs'

17   fraudulent-concealment claim, because each demonstrates "constructive knowledge

18   [of] enough information to warrant an investigation" before June 21, 2014. *Hexcel*,

19   681 F.3d at 1060. Together, these allegations, and the documents upon which they

20   rely, leave no doubt that Plaintiffs had more than enough information to file this claim

21   before June 21, 2014. In fact, Plaintiffs affirmatively allege public governmental

22   inquiries in 2012. *Supra* p. 3. These are dispositive admissions by Plaintiffs that the

23   conduct alleged was not fraudulently concealed. *See Dayco Corp. v. Goodyear Tire &*

24   *Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975) (no fraudulent concealment in part

25   because of congressional hearings on same alleged antitrust violations); *United Klans*

26   *of America v. McGovern*, 621 F.2d 152, 154–55 (5th Cir. 1980) (same, due in part to

27   Senate report).

28

To be sure, this Court ruled in *Persian Gulf* that these same allegations gave rise to an antitrust claim for pleading purposes. *Supra* p. 1; *see also Glob. Servs.*, 2011 WL 6182425, at *3 (plaintiffs may not wait until they believe they have "a viable legal theory on which to pursue their claims"). By grounding their antitrust theories on reports, articles, and public statements made before June 21, 2014, Plaintiffs have "effectively pleaded [their] way out of any fraudulent concealment defense to the statute of limitations." *Streamcast Networks, Inc. v. Skype Techs., S.A.*, No. CV 06-391, 2006 WL 5437322, at *6 (C.D. Cal. Sept. 14, 2006).

*Second*, Plaintiffs fail to plead that they exercised reasonable diligence in discovering their claims once their suspicions were or should have been aroused. *See Hexcel*, 681 F.3d at 1060. Reasonable "diligence is a prerequisite to the application of equitable tolling" for fraudulent concealment. *Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 157 (2d Cir. 2012). A plaintiff cannot "rely upon conclusory statements" and "must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978).

Here, the Complaint does not include *any* allegations about Plaintiffs' diligence in discovering their claims. This alone defeats their fraudulent concealment theory. *See Collins v. Nationalpoint Loan Servs.*, No. 09-1314, 2009 WL 3213979, at *3 (S.D. Cal. Sept. 29, 2009); *Blyden v. Navient Corp.*, No. 14-2456, 2016 WL 6601658, at *8 (C.D. Cal. Feb. 16, 2016) ("Plaintiff has not alleged that she was reasonably diligent in attempting to pursue her claims.").

Further, as explained above, Plaintiffs allege numerous public reports, newspaper articles, and governmental inquiries that Plaintiffs *could* have easily accessed in 2012. *Supra* pp. 3, 11–12. Yet Plaintiffs filed their Complaint in 2018— six years later. For this reason alone, Plaintiffs cannot rely on fraudulent concealment.

*Third*, Plaintiffs plead no affirmative acts by Defendants to conceal potential claims, let alone with the specificity required by Rule 9(b). Nor in good faith could

they. While Plaintiffs claim that Defendants made "pretextual explanations" for plant shutdowns, these supposed excuses are, in part, the same basis for Plaintiffs' antitrust claims. *See*, *e.g.*, Compl. ¶ 122. But those supposedly false excuses cannot be the "affirmative acts" mandated by the fraudulent concealment doctrine, which requires a plaintiff to allege "active conduct by a defendant" to prevent the plaintiff from suing in time "*above and beyond* the wrongdoing upon which the plaintiff's claim is filed." *Guerrero*, 442 F.3d at 706; *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000) ("Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed," as otherwise "the tolling doctrine [would merge] with the substantive wrong, and would virtually eliminate the statute of limitations.") (citation omitted).[9] Because Plaintiffs do not allege any active concealment above and beyond the underlying alleged antitrust violations, they cannot invoke fraudulent concealment.

Fraudulent concealment, moreover, requires a plaintiff to allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Garrison*, 159 F. Supp. 3d at 1075 (citing *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Further, because "[f]raudulent concealment only estops the concealing defendant from asserting the statute of limitations, … it is of paramount importance to identify by what specific actions *each party* is alleged to have made fraudulent misrepresentations and when." *Blyden*, 2016 WL 6601658, at *7 (emphasis added). Here, however, Plaintiffs only vaguely and conclusorily assert that "refiners" made false excuses in 2012—without specifying who actually made the statements, when the statements were made, what exactly was said, and to whom. Compl ¶¶ 33–41.[10]

---

[9] *See also*, *e.g.*, *Glob. Servs.*, 2011 WL 6182425, at *4; *Bd. of Trustees of Galveston Wharves, et al. v. Trelleborg, AB, et al.*, 2010 WL 11508414, at *15 (C.D. Cal. Nov. 22, 2010).

[10] *See, e.g.*, *In re Aspartame Antitrust Litig.*, 2007 WL 5215231, at * 5 (E.D. Pa. Jan. 18, 2007) (allegation that defendants offered "pretextual reasons" for their conduct did not establish affirmative conduct where the complaint provided "scant detail" about the statements and did not state "who made these statements, to whom they were made,

Gibson, Dunn &
Crutcher LLP

Finally, even if Plaintiffs alleged specific statements by Defendants, they also would need to allege that they relied on those explanations, and that their reliance was reasonable. *See Conmar*, 858 F.2d at 505. But no Plaintiff alleges seeing—let alone reasonably relying upon—any statement by any Defendant.

Because the face of the Complaint establishes that Plaintiffs' claims that are based on facts occurring before June 21, 2014 are time-barred, and Plaintiffs have not carried their burden to establish equitable tolling, the Court should grant this motion.[11]

## VI. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss, with prejudice, Plaintiffs' claims arising before June 21, 2014.

DATED: September 7, 2018      GIBSON, DUNN & CRUTCHER LLP

By: *s/ Theodore J. Boutrous, Jr.*
THEODORE J. BOUTROUS, JR.

Counsel for Defendant
CHEVRON U.S.A. LLC

DATED: September 7, 2018      JONES DAY

By: *s/ David C. Kiernan*
DAVID C. KIERNAN

Counsel for Defendant

---

when they were made, or what was said"); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *22 (D.N.J. Oct. 20, 2011) (affirmative act inadequately pleaded where plaintiffs did not allege context of the supposedly pretextual explanations).

[11] The "discovery rule" does not apply to Cartwright Act and UCL claims based on alleged antitrust violations. *See In re Animation Workers*, 87 F. Supp. 3d at 1210; *Garrison*, 159 F. Supp. 3d at 1082–83; *Ryan*, 147 F. Supp. 3d at 893–96. Even if the discovery rule applied here—and it does not—Plaintiffs did not plead "the time and manner of [their] discovery," nor any facts showing their "inability to have made earlier discovery despite reasonable diligence." *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1071 (S.D. Cal. 2015) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797 (2005)). And Plaintiffs' own allegations—which rely on publicly available information from 2012, including published reports, newspaper articles, utility data, and governmental investigations—prove that Plaintiffs could have discovered the basis for their claims in 2012. *Supra* pp. 11–12.

TESORO REFINING & MARKETING
COMPANY LLC

DATED: September 7, 2018        MORGAN LEWIS & BOCKIUS LLP

                                By: s/ Kent M. Roger
                                KENT M. ROGER

                                Counsel for Defendant
                                EQUILON ENTERPRISES LLC doing
                                business as SHELL OIL PRODUCTS
                                US

DATED: September 7, 2018        O'MELVENY & MEYERS

                                By: s/ Charles C. Lifland
                                CHARLES C. LIFLAND

                                WILSON TURNER KOSMO LLP

                                By: s/ Robin A. Wofford
                                ROBIN A. WOFFORD

                                Counsel for Defendant
                                EXXON MOBIL CORPORATION

DATED: September 7, 2018        CRONE HAWXHURST LLP

                                By: s/ Gerald E. Hawxhurst
                                GERALD E. HAWXHURST

                                Counsel for Defendant
                                VALERO MARKETING AND SUPPLY
                                COMPANY

1  DATED: September 7, 2018        BAKER & HOSTETLER, LLP

2

3                                                  By: *s/ Carl W. Hittinger*
                                                   CARL W. HITTINGER

4

5                                                  Counsel for Defendant
                                                   ALON U.S.A. ENERGY, INC.

6

7  DATED: September 7, 2018        SULLIVAN & CROMWELL LLP

8                                                  By: *s/ Robert A. Sacks*
                                                 ROBERT A. SACKS

9

10                                                 Counsel for Defendant
                                                 BP WEST COAST PRODUCTS LLC

11

12 DATED: September 7, 2018        NORTON ROSE FULBRIGHT

13                                                 By: *s/ Joshua D. Lichtman*
14                                                 JOSHUA D. LICHTMAN

15                                                 Counsel for Defendant
16                                                 PHILLIPS 66

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Theodore J. Boutrous, Jr., counsel for Chevron U.S.A. Inc.; David C. Kiernan, counsel for Tesoro Refining & Marketing Company, LLC; Kent M. Roger, counsel for Equilon Enterprises LLC, doing business as Shell Oil Products US; Charles C. Lifland and Robin A. Wofford, counsel for Exxon Mobil Refining & Supply Company; Gerald E. Hawxhurst, counsel for Valero Marketing and Supply Company; Carl W. Hittinger, counsel for Alon U.S.A. Energy, Inc.; Robert A. Sacks, counsel for BP West Coast Products LLC; and Joshua Litchman, counsel for Phillips 66, and that I have obtained each of the foregoing person's authorization to affix his or her electronic signature to this document.

DATED September 7, 2018                     _s/ Samuel G. Liversidge_____

                                            Samuel G. Liversidge