**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD BARTLETT *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>BP WEST COAST PRODUCTS LLC; *et al.*,<br><br>                Defendants. | Lead Case No. 18-cv-01374-L-AGS<br>(*Consolidated with Case No. 18cv1377)*<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS AND DENYING BP WEST COAST PRODUCTS' AND ALON USA ENERGY'S MOTIONS TO DISMISS** |

Pending before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed the motions, and Defendants replied. The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons which follow, Defendants' joint motion to dismiss (doc. no. 60) is granted with leave to amend; motions to dismiss filed by BP West Coast Products LLC and Alon USA Energy, Inc. (docs no. 61, 59) are denied without prejudice.

**I.	BACKGROUND**

Plaintiffs are consumers who purchased gasoline in California processed by one or more Defendant gasoline refineries: BP West Coast Products LLC ("BP"),

Chevron U.S.A. Inc., Tesoro Refining & Marketing Company LLC, Equilon Enterprises LLC d/b/a Shell Oil Products US, Exxon Mobil Corporation, Valero Marketing and Supply Co., Phillips 66, and Alon USA Energy, Inc. ("Alon," collectively "Defendants"). Plaintiffs allege that Defendants conspired to manipulate the gasoline market in California and caused historically high retail prices in 2012 and 2015. In their operative consolidated complaint (doc. no. 44 ("Compl.")), they allege violations of the Cartwright Act, Cal. Bus. & Prof. Code §16700 et seq., and the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq. ("UCL"). The Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

The Court incorporates by reference the background and discussion in the Order Denying Motion to Dismiss, *Persian Gulf, Inc. v. BP West Coast Products LLC et al.,* case no. 15cv1749-L-AGS ("*Persian Gulf*"), doc. no. 86., because the named Defendants, factual allegations and legal claims asserted in this action are nearly identical. (Doc. no. 38 at 2.) Pending before the Court are three motions to dismiss for failure to state a claim under Rule 12(b)(6). Defendants jointly move to dismiss this action as time barred insofar as it seeks damages prior to June 21, 2014. In addition, BP separately moves to dismiss the remainder of the claims asserted against it based on the sale of its Carson, California refinery in 2013 and insufficiency of factual allegations. Finally, Alon separately moves to dismiss this action for insufficient factual allegations. Plaintiffs opposed all motions.

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable

/ / / / /

legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the court must accept as true all allegations of material fact and construe them most favorably to the nonmoving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that the recovery is very remote and unlikely." *Id.* at 556. On the other hand, legal conclusions, even if cast in the form of factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

### A. <u>Statute of Limitations</u>

Defendants jointly move to dismiss based on the statute of limitations defense. Statute of limitations may be raised on a motion to dismiss where the running of the statute is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) ("Accepting as true the allegations in the complaint, as we must when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must determine whether the running of the statute is apparent on the face of the complaint") (internal quotation marks and citation omitted)).

In diversity cases such as this federal courts apply state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938)). Statutes of limitations are deemed substantive for purposes of the *Erie* doctrine. *See Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 110 (1945).

The statute of limitations under the Cartwright Act and UCL is four years. Cal. Bus. & Prof. Code §§ 16750.1 (Cartwright Act), 17208 (UCL). The UCL statute is

interpreted according to California common law including equitable exceptions. *Aryeh v. Canon Bus. Solutions, Inc.,* 55 Cal4th 1185, 1193, 1196, 1198-1201 (2013) The same applies to the Cartwright Act statute of limitations whose wording is nearly identical. *See Oliver v. SD-3C LLC,* 751 F.3d 1081, 1087 (9th Cir. 2014) (directing district court to apply *Aryeh* to determine if a Cartwright Act claim was timely filed).

Plaintiffs' complaints were filed on June 21, 2018.[1] Defendants move to preclude Plaintiffs from recovery for the time period preceding June 21, 2014, arguing recovery is time barred. The operative complaint alleges damages arising from Defendants' conspiracy to manipulate the gasoline market in California, causing price spikes in 2012 and 2015. The running of the statute of limitations is therefore apparent on the face of the complaint. Plaintiffs counter that their action is timely in its entirety based on the continuing violation and fraudulent concealment doctrines.

### 1. Continuing Violation

The continuing violation doctrine serves "equitable purposes:"

> Some injuries are the product of a series of small harms, any one of which may not be actionable on its own. Those injured in such a fashion should not be handicapped by the inability to identify with certainty when harm has occurred or has risen to a level sufficient to warrant action.

*Aryeh,* 55 Cal.4th at 1197-98 (citations omitted). Accordingly,

> [a]llegations of a pattern of reasonably frequent and similar acts may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period.

*Id.* (citations omitted).

---

[1] Plaintiffs in case no. 18cv1374 and 18cv1377 simultaneously filed nearly identical complaints. The actions were consolidated for pre-trial proceedings. (Doc. no. 37.) The subsequently-filed consolidated complaint is the operative complaint. (Doc. no. 44.)

- 4 -

As alleged, Defendants' conspiracy did not end in 2012, but continued into 2015, with Defendants engaging in a pattern comprising of a series of similar alleged wrongs for the purpose of manipulating gasoline prices. Defendants contend that Plaintiffs' claims accrued one price spike at a time, thus precluding recovery for conduct alleged before June 21, 2014.

Although Plaintiffs allege that Defendants' misconduct continued, the complaint contains copious allegations of significant wrongful acts and harm occurring prior to June 21, 2014 (*see, e.g.,* Compl. at 9-14, 31-37, 39, 42-44)[2] on the magnitude that cannot be described as "small harms [not] actionable on [their] own." *See Aryeh,* 55 Cal.4th at 1197. This is not "a case in which a wrongful course of conduct became apparent only through the accumulation of a series of harms," *id.* at 1198, as is apparent from the numerous references Plaintiffs cite in support of their allegations, including prior lawsuits, evidence produced therein, calls for government investigation, and consumer group articles predating June 21, 2014. Moreover, Plaintiffs present their claims as discrete, successive price spikes.

Contrary to Plaintiffs' contentions, the continuation of the alleged conspiracy is not dispositive. In cases such as this "where misfeasance is ongoing," the doctrine of continuous accrual responds "to the inequities that would arise if the expiration of the limitations period following a first . . . instance of misconduct were treated as sufficient to bar suit for any subsequent . . . misconduct." *Aryeh,* 55 Cal.4th at 1198. "[U]nlike the continuing violation doctrine, which renders an entire course of conduct actionable, the theory of continuous accrual supports recovery only for damages arising from those breaches falling within the limitations period."[3] *Id.* at 1199.

---

[2] All references are to the page numbers assigned by the electronic case filing system.

[3] An analogous doctrine is applied in federal antitrust cases. *See, e.g., LaSalvia v. United Dairymen of Ariz.,* 804 F.2d 1113, 1119 (9th Cir. 1986), *cert. den.,* 482 U.S. 928 (1987); *Hennegan v. Pacifico Creative Serv., Inc.,* 787 F.2d 1299 (9th Cir. 1986).

As alleged, the wrongdoing prior to June 21, 2014, including the 2012 price spikes, meets neither the rule nor the equitable purpose of the continuing violation doctrine. The Court therefore rejects Plaintiffs' argument that the continuing violation doctrine applies to render the entire complaint timely.

### 2. Fraudulent Concealment

Alternatively, Plaintiffs argue that the statute of limitations was tolled by the fraudulent concealment doctrine. Plaintiffs allege that Defendants' public explanations for the price spikes were deliberately misleading and Defendants engaged in other conduct to conceal the alleged conspiracy.

"The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *Aryeh,* 55 Cal.4th at 1192. However, tolling applies "only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by exercise of reasonable diligence, should have discovered it." *Bernson v. Browning-Ferris Indus.,* 7 Cal.4th 926, 931 (1994) (internal quotation marks and citation omitted). To this end,

> the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry.

*Platt Elec. Supply, Inc. v. Eoff Elec., Inc.,* 522 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 321 (1974)). In this regard, the plaintiff must show "that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date." *Platt Elec. Supply, Inc.,* 522 F.3d at 1055 (quoting *Baker*, 39 Cal.App.3d at 321).[4]

---

[4] A similar doctrine is applied in federal antitrust cases. *See, e.g., Hexcel Corp. v. Ineos Polymers, Inc.,* 681 F.3d 1055, 1060 (9th Cir. 2012); *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988).

- 6 -

Plaintiffs have not alleged when and how they discovered Defendants' alleged wrongdoing or any of the circumstances surrounding their discovery. They have not attempted to explain why it took them years longer than the plaintiffs in *Persian Gulf* to discover the same facts. Plaintiffs have therefore not alleged tolling of the statute of limitations. Defendants' motion to dismiss is granted insofar as the complaint seeks recovery for damages prior to June 21, 2014.

### 3. Leave to Amend

The Court next considers whether to grant leave to amend. Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). Because it may be possible for Plaintiffs to allege tolling under the fraudulent concealment doctrine, leave to amend is granted.

### B. Claims Alleged Against BP and Alon

In addition to joining in the motion to dismiss based on the statute of limitations, BP and Alon each separately moved to dismiss. Based on its sale of the Carson, California refinery in June 2013, BP argues that all claims asserted against it should be dismissed because the pre-sale claims are barred by the statute of limitations and because Plaintiffs do not allege sufficient facts to state a claim based on BP's conduct after the sale. Similarly, Alon argues that Plaintiffs do not allege sufficient facts to state a claim against Alon, particularly if its pre-June 21, 2014

- 7 -

conduct is disregarded. Plaintiffs' recovery for alleged conduct before June 21, 2014 is subject to leave to amend. With regard to the post-June 21, 2014 time period, BP does not dispute that it continued to operate its refinery at Cherry Point in Washington, which accounts for approximately 20% of California's state-wide capacity. (*See* Compl. ¶¶ 33, 40, 122.) To the extent BP's and Alon's motions are based on the insufficiency of factual allegations, they are denied for the reasons stated in the Order Denying Motion to Dismiss in *Persian Gulf*.

## III. CONCLUSION

Defendants' joint motion to dismiss (doc. no. 60) is granted with leave to amend as stated herein. Motions filed by BP West Coast Products LLC and Alon USA Energy, Inc. (docs. no. 59, 61) are denied without prejudice.

If Plaintiffs choose to file an amended complaint, they must do so no later than **June 10, 2019.** Defendants' responses, if any, shall be filed no later than the time set forth in Rule 15(a)(3). Should Plaintiffs forego further amendment, Defendants shall file their responses, if any, no later than June 24, 2019.

**IT IS SO ORDERED.**

Dated: May 17, 2019

_____
Hon. M. James Lorenz
United States District Judge

- 8 -