JOSHUA D. LICHTMAN (SBN 176143)
CHRISTINA N. DANIELE (SBN 317089)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
joshua.lichtman@nortonrosefulbright.com
christina.daniele@nortonrosefulbright.com

LAYNE E. KRUSE (*Pro Hac Vice* to be filed)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246
layne.kruse@nortonrosefulbright.com

Attorneys for Defendant
PHILLIPS 66

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., | Case No.:  3:15-cv-01749-L-AGS |
| Plaintiff, | **CLASS ACTION** |
| v. | **ANSWER OF DEFENDANT PHILLIPS 66 TO PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| BP WEST COAST PRODUCTS LLC, et al., | |
| Defendants. | |
| RICHARD BARTLETT, et al., | Lead Case No. 18-cv-01374-L-AGS (consolidated with No. 18-cv-01377-L-AGS) |
| Plaintiff, | |
| v. | **CLASS ACTION** |
| BP WEST COAST PRODUCTS LLC, et al., | |
| Defendants. | |

37312706.2

- 1 -

DOCUMENT PREPARED ON RECYCLED PAPER

Defendant Phillips 66 ("Phillips"), hereby answers Plaintiffs Richard Bartlett, Joshua Ebright, Paul Lee, David Rinaldi, and Kristine Snyder ("Plaintiffs") Consolidated Complaint ("Complaint"), subject to the Court's Order entered May 17, 2019 (Dkt. #108) dismissing the Complaint "insofar as [it] seeks recovery for damages prior to June 21, 2014" (*id.* at 7:5-6) as follows: except as expressly stated below, Phillips answers and responds only to those allegations that are directed toward it.  To the extent that a response to allegations directed toward entities other than Phillips is required, Phillips states that it is without sufficient knowledge or information to form a belief concerning the truth of the allegations in the Complaint directed toward such entities.

## ADMISSIONS AND/OR DENIALS OF PLAINTIFFS' ALLEGATIONS

Phillips responds below to each Paragraph of the Complaint pursuant to Rule 8(b)(1)B) and denies each allegation (including to the extent that Plaintiffs' subheadings are construed to be allegations) that is not expressly admitted.

1.     The allegations in Paragraph 1 consist of vague, conclusory assertions characterizing gasoline market(s) or other economic principles and/or of generalized alleged conduct of "Defendants" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these remaining allegations and therefore denies such allegations. To the extent that the remaining allegations in Paragraph 1 are construed to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies that it "used [its] market leverage to keep gasoline prices in California well above the U.S. average," or otherwise engaged in any anticompetitive conduct.

2.     Phillips admits that there were publicly-available reports of an explosion at the ExxonMobil Torrance refinery in February 2015.  The remaining allegations in Paragraph 2 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form

DOCUMENT PREPARED
ON RECYCLED PAPER

a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 2 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

3.    Plaintiffs' allegations in Paragraphs 3 through 9 are immaterial and irrelevant in light of the Court's ruling dismissing their claims to the extent seeking damages prior to June 21, 2014.  (Dkt. #108 at 7:5-6.)  Further, the allegations in Paragraph 3 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent any remaining allegations in Paragraph 3 are construed to relate to Phillips' conduct, Phillips denies such allegations and specifically denies that it engaged in any anticompetitive conduct.

4.    Phillips admits that there were publicly-available reports of a fire at a BP refinery in Washington in early 2012.   The remaining allegations in Paragraph 4 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these remaining allegations and therefore denies them. To the extent any remaining allegations are construed to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

5.    To the extent Paragraph 5 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct). The remaining allegations in Paragraph 5 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips. Phillips is without

1  knowledge or information sufficient to form a belief as to the truth of these

2  allegations and therefore denies them. To the extent any remaining allegations are

3  construed to relate to Phillips' conduct, Phillips denies such allegations, and

4  specifically denies that it engaged in any anticompetitive conduct.

5      6.     To the extent Paragraph 6 quotes from, relies on or purports to

6  characterize a report, letter or article, that report, letter or article speaks for itself

7  (though Phillips denies the substance of any allegation suggesting Phillips engaged

8  in any anticompetitive conduct). The remaining allegations in Paragraph 6 consist of

9  vague, conclusory assertions regarding the gasoline market(s) or other economic

10  principles and/or of generalized conduct not specific to Phillips. Phillips is without

11  knowledge or information sufficient to form a belief as to the truth of these

12  allegations and therefore denies them. To the extent any remaining allegations are

13  construed to relate to Phillips' conduct, Phillips denies such allegations, and

14  specifically denies that it engaged in any anticompetitive conduct.

15      7.     To the extent Paragraph 7 quotes from, relies on or purports to

16  characterize a report, letter or article, that report, letter or article speaks for itself

17  (though Phillips denies the substance of any allegation suggesting Phillips engaged

18  in any anticompetitive conduct). The remaining allegations in Paragraph 7 consist of

19  vague, conclusory assertions regarding the gasoline market(s) or other economic

20  principles and/or of generalized conduct not specific to Phillips. Phillips is without

21  knowledge or information sufficient to form a belief as to the truth of these

22  allegations and therefore denies them. To the extent any remaining allegations are

23  construed to relate to Phillips' conduct, Phillips denies such allegations, and

24  specifically denies that it engaged in any anticompetitive conduct.

25      8.     The allegations in Paragraph 8 consist of vague, conclusory assertions

26  characterizing gasoline market(s) or other economic principles and/or of generalized

27  alleged conduct of "Defendants" not specific to Phillips.  Phillips is without

28  knowledge or information sufficient to form a belief as to the truth of these remaining

1    allegations and therefore denies such allegations. To the extent that the remaining

2    allegations in Paragraph 8 are construed to relate to Phillips' conduct, Phillips denies

3    such allegations, and specifically denies that it "allowed other tankers to idle unused,"

4    or otherwise engaged in any anticompetitive conduct.

5         9.    The allegations in Paragraph 9 consist of vague, conclusory assertions

6    regarding the gasoline market(s) or other economic principles and/or of generalized

7    conduct not specific to Phillips. Phillips is without knowledge or information

8    sufficient to form a belief as to the truth of these allegations and therefore denies

9    them. To the extent any remaining allegations in Paragraph 9 are construed to relate

10   to Phillips' conduct, Phillips denies such allegations and specifically denies that it

11   was part of a "scheme to create a false impression of a shortage in order to force

12   prices up and reap windfall profits," hurt Plaintiffs, engaged in "illegal actions," or

13   otherwise engaged in any anticompetitive conduct.

14        10.    Paragraph 10 contains legal conclusions to which no response is

15   required.  To the extent a response is required, Phillips admits that this Court has

16   jurisdiction over this action, but denies the remaining allegations in Paragraph 10.

17        11.    Paragraph 11 contains legal conclusions to which no response is

18   required.  To the extent a response is required, Phillips admits that venue is proper in

19   this district, and that Phillips has transacted business in this district, but is without

20   knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations in Paragraph 11 and therefore denies such allegations.

22        12.    Paragraph 12 contains legal conclusions to which no response is

23   required.  To the extent a response is required, Phillips admits that it is subject to the

24   personal jurisdiction of this Court, denies that it "was engaged in an illegal

25   conspiracy" during the relevant time period, and is without knowledge or information

26   sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12

27   and therefore denies such allegations.

28        13.    Paragraph 13 contains legal conclusions to which no response is

required.  To the extent a response is required, Phillips denies the allegations to the extent they are construed to relate to Phillips' conduct.  To the extent the allegations in Paragraph 13 are construed to relate to conduct of other Defendants, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

14.    Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Phillips denies the allegations to the extent they are construed to relate to Phillips' conduct.  To the extent the allegations in Paragraph 14 are construed to relate to conduct of other Defendants, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

15.    Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, Phillips denies the allegations to the extent they are construed to relate to Phillips' conduct.  To the extent the allegations in Paragraph 15 are construed to relate to conduct of other Defendants, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

16.    Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Phillips denies the allegations to the extent they are construed to relate to Phillips' conduct.  To the extent the allegations in Paragraph 16 are construed to relate to conduct of other Defendants, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

17.    Phillips is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his residency and occupation and therefore denies such allegations.  Phillips lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies such allegations.

18.    Phillips is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his residency and occupation and therefore denies such allegations.  Phillips lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies such allegations.

19.    Phillips is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his residency and therefore denies such allegations.  Phillips lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies such allegations.

20.    Phillips is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his residency and therefore denies such allegations.  Phillips lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies such allegations.

21.    Phillips is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her residency and therefore denies such allegations.  Phillips lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies such allegations.

22.    Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23.    Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.    Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.    Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.     Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27.     Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Phillips admits that it operates the San Francisco Refinery, which is comprised of two facilities linked by a 200-mile pipeline: the Santa Maria facility located in Arroyo Grande, California, and the Rodeo facility located in the San Francisco Bay area.  Phillips is based in Houston, Texas.

29.     Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30.     Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31.     Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32.     Phillips admits that there are somewhat unique features of the gasoline market(s) in California and/or portions thereof.  The remaining allegations in Paragraph 32 consist of vague, conclusory assertions characterizing gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these remaining allegations and therefore denies such allegations.  To the extent that the remaining allegations in Paragraph 32 are construed to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

33.     Plaintiffs' allegations in Paragraphs 33 through 48 are immaterial and irrelevant in light of the Court's ruling dismissing their claims to the extent seeking damages prior to June 21, 2014.  (Dkt. #108 at 7:5-6.)  Nevertheless, Phillips admits that there were publicly-available reports of a fire at the Cherry Point refinery in Washington state on or about February 18, 2012.  The balance of the allegations in

Paragraph 33 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of "the industry" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the remaining allegations in Paragraph 33 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

34.    The allegations in Paragraph 34 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these remaining allegations and therefore denies them.  To the extent any remaining allegations are construed to relate to Phillips' conduct, Phillips denies such allegations.

35.    Phillips admits that there was a fire at a Chevron refinery in Richmond, California in August 2012.  The remaining allegations in Paragraph 35 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these remaining allegations and therefore denies them.  To the extent any remaining allegations are construed to relate to Phillips' conduct, Phillips denies such allegations.

36.    The allegations in Paragraph 36 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of "the industry" or of other market participants not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 36 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

37.     Phillips admits that there were publicly-available reports of a disruption (described as either a "power failure" or "flaring") at the ExxonMobil Torrance refinery on or about October 1, 2012.  The balance of the allegations in Paragraph 37 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the remaining allegations in Paragraph 37 are construed to relate to Phillips' conduct, Phillips denies them and specifically denies that it engaged in any anticompetitive conduct.

38.     To the extent Paragraph 38 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 38 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 38 are construed to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

39.     To the extent Paragraph 39 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 39 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of "the industry" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 39 are construed to relate to Phillips' conduct,

Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

40. The allegations in Paragraph 40 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles or generalized alleged conduct not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent that the remaining allegations in Paragraph 40 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

41. The allegations in Paragraph 41 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent that the remaining allegations in Paragraph 41 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

42. To the extent Paragraph 42 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct). The remaining allegations in Paragraph 42 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of "the industry" not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent any remaining allegations in Paragraph 42 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

43. The allegations in Paragraph 43 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized

conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

44.   To the extent Paragraph 44 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 44 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 44 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

45.   The allegations in Paragraph 45 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles or generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the remaining allegations in Paragraph 45 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

46.   The allegations in Paragraph 46 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles or generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the remaining allegations in Paragraph 46 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

47.   To the extent Paragraph 47 quotes from, relies on or purports to

characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 47 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 47 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

48.    To the extent Paragraph 48 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 48 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 48 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

49.    The allegations in the first sentence of Paragraph 49 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the allegations in the first sentence of Paragraph 49 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.  The remaining allegations in Paragraph 49 regarding alleged conduct or statements of Tesoro do not concern Phillips and thus no response is required; to the extent that a

1    response is required, Phillips denies the allegations in Paragraph 49 to the extent they

2    are construed to relate to Phillips' conduct, and Phillips is without knowledge or

3    information sufficient to form a belief as to the truth of the balance of the allegations

4    and therefore denies them.

5        50.    The allegations in the first sentence of Paragraph 50 consist of vague,

6    conclusory assertions regarding the gasoline market(s) or other economic principles

7    and/or of generalized alleged conduct not specific to Phillips.  Phillips is without

8    knowledge or information sufficient to form a belief as to the truth of these

9    allegations and therefore denies them.  To the extent that the allegations in the first

10   sentence of Paragraph 50 are construed to relate to Phillips' conduct, Phillips denies

11   them, and specifically denies that it engaged in any anticompetitive conduct.  The

12   remaining allegations in Paragraph 50 regarding alleged conduct or statements of

13   Tesoro do not concern Phillips and thus no response is required; to the extent that a

14   response is required, Phillips denies the allegations in Paragraph 50 to the extent they

15   are construed to relate to Phillips' conduct, and Phillips is without knowledge or

16   information sufficient to form a belief as to the truth of the balance of the allegations

17   and therefore denies them.

18       51.    To the extent Paragraph 51 quotes from, relies on or purports to

19   characterize a report, letter or article, that report, letter or article speaks for itself

20   (though Phillips denies the substance of any allegation suggesting Phillips engaged

21   in any anticompetitive conduct).  The remaining allegations in Paragraph 51 consist

22   of vague, conclusory assertions regarding the gasoline market(s) or other economic

23   principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is

24   without knowledge or information sufficient to form a belief as to the truth of these

25   allegations and therefore denies them.  To the extent any remaining allegations in

26   Paragraph 51 are construed to relate to Phillips' conduct, Phillips denies them, and

27   specifically denies that it engaged in the "use of refinery outages to drive price

28   spikes" or otherwise engaged in any anticompetitive conduct.

52.     Phillips admits that there were publicly-available reports of an explosion at the ExxonMobil Torrance refinery on or about February 18, 2015.  To the extent the balance of Paragraph 52 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 52 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations (including as to whether the Exxon Torrance refinery was entirely "shut down" following the explosion) and therefore denies them.  To the extent any remaining allegations in Paragraph 52 are construed to relate to Phillips' conduct, Phillips denies them, , and specifically denies that it engaged in any anticompetitive conduct.

53.     To the extent the balance of Paragraph 53 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The allegations in Paragraph 53 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations (including as to whether the Exxon Torrance refinery was entirely "shut down" following the explosion) and therefore denies them.  To the extent any remaining allegations in Paragraph 53 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that, during 2015, any of its "refinery maintenance schedules were inexplicably moved forward despite an apparent lack of local supply."

54.     The allegations in Paragraph 54 regarding ExxonMobil's Torrance refinery and/or the asserted statements and conclusions of CAL/OSHA do not

concern Phillips and thus no response is required.  To the extent that a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55.   The allegations in Paragraph 55 regarding ExxonMobil's Torrance refinery and/or the purported quotations or characterizations of an August 13, 2015 Daily Breeze article, the contents of which speak for themselves, do not concern Phillips and thus no response is required.  To the extent that a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56.   To the extent Paragraph 56 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 56 consist of: (i) legal conclusions as to which no response is required; and/or (ii) vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized conduct of "the industry" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 56 are construed to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

57.   The allegations in Paragraph 57 consist of purported quotation or characterization of a letter the contents of which speak for itself.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and therefore denies them.  To the extent that any remaining allegations in Paragraph 57 are construed to related to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

58.   Phillips denies that the two outages at Phillips refineries alleged in

Paragraph 58 (erroneously characterized as "plant closings") were "suspicious," let alone collusively anticompetitive, reasons.  With respect to the outage at the Phillips 66 San Francisco refinery on or about May 18, 2015, as Plaintiffs concede in Paragraph 58, that outage was "unplanned," having occurred due to "an unplanned breakdown."  As to the outage at the Phillips 66 Wilmington refinery on or about May 13, 2015, Phillips denies Plaintiffs' allegations.  The balance of the allegations in Paragraph 58 concern alleged outages at other of Defendants' refineries as to which Phillips is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore denies them.

59.    Phillips admits that there was an explosion at the ExxonMobil Torrance refinery on or about February 18, 2015.  The remaining allegations in Paragraph 59 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of ExxonMobil, not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 59 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

60.    The allegations in Paragraph 60 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and thus no response by Phillips is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 60 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

61.    The allegations in Paragraph 61 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and thus no response by Phillips is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph

61 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

62.     The allegations in Paragraph 62 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and thus no response by Phillips is required. To the extent that a response is required, Phillips denies the allegations in Paragraph 62 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

63.     The allegations in Paragraph 63 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and thus no response by Phillips is required. To the extent that a response is required, Phillips denies the allegations in Paragraph 63 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

64.     The allegations in Paragraph 64 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and thus no response by Phillips is required. To the extent that a response is required, Phillips denies the allegations in Paragraph 64 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

65.     The allegations in Paragraph 65 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and thus no response by Phillips is required. To the extent that a response is required, Phillips denies the allegations in Paragraph

65 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

66.    The allegations in Paragraph 66 concern ExxonMobil, not Phillips, and thus no response is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 66 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

67.    The allegations in Paragraph 67 concern ExxonMobil, not Phillips, and thus no response is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 67 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

68.    The allegations in Paragraph 68 concern ExxonMobil, not Phillips, and thus no response is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 68 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

69.    The allegations in Paragraph 69 concern ExxonMobil, not Phillips, and thus no response is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 69 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

70.     The allegations in Paragraph 70 consist of assertions regarding alleged conduct of ExxonMobil, not Phillips, and/or of purported quotations or characterizations of statements published by a third party, which speak for themselves, and thus no response by Phillips is required to Paragraph 70.  To the extent that a response is required, Phillips denies the allegations in Paragraph 70 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations and therefore denies such allegations.

71.     The allegations in Paragraph 71 consist of assertions regarding alleged conduct of ExxonMobil and Chevron, not Phillips, and thus no response by Phillips is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 71 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it participated in "a collusive effort to manipulate the gasoline market and drive up profits."  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 71 and therefore denies such allegations.

72. To the extent Paragraph 72 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 72 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 72 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it participated in any "agreement to reduce supplies," or otherwise engaged in any anticompetitive conduct.

73.     The allegations in Paragraph 73 consist of assertions regarding alleged conduct of Chevron, not Phillips, and/or of statements of the Consumer Watchdog advocacy group purporting to characterize or common on Chevron's alleged conduct and thus no response by Phillips is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 73 to the extent they are construed to relate to Phillips' conduct, and specifically denies that it engaged in any anticompetitive conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 73 and therefore denies such allegations.  To the extent any remaining allegations in Paragraph 73 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it participated in any effort "to artificially constrain gas supplies to California's market," or otherwise engaged in any anticompetitive conduct.

74.     To the extent Paragraph 74 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 74 generally consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of "California's refiners" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of these allegations in Paragraph 74 and therefore denies them.  Further, to the extent that the remaining allegations are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that engaged in any anticompetitive conduct.

75.     To the extent Paragraph 75 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 75 consist

of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 75 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that engaged in any anticompetitive conduct.

76.   To the extent Paragraph 76 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 76 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 76 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that engaged in any anticompetitive conduct.

77.   To the extent Paragraph 77 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 77 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles, of generalized alleged conduct of "Defendants" not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent the remaining allegations in Paragraph 77 are construed to relate to Phillips' conduct, Phillips denies them and specifically denies that it engaged in an agreement with other of Defendants to increase prices "simultaneous[ly]" or "in unison and by nearly the same amount" in February 2016; rather, as a structural, annual feature of gasoline

market(s) in California, wholesale prices tend to increase in connection with the switch in production (mandated by statute and/or regulation) from so-called "winter" to "summer" blends of gasoline.

78.     The allegations in Paragraph 78 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles or generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the remaining allegations in Paragraph 78 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

79.     To the extent the balance of Paragraph 79 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 79 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations (including as to whether the Exxon Torrance refinery was entirely "shut down" following the explosion) and therefore denies them.  To the extent any remaining allegations in Paragraph 79 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

80.     To the extent Paragraph 80 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 80 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is

DOCUMENT PREPARED
ON RECYCLED PAPER

1   without knowledge or information sufficient to form a belief as to the truth of these

2   allegations and therefore denies them.  To the extent any remaining allegations in

3   Paragraph 80 are construed to relate to Phillips' conduct, Phillips denies them, and

4   specifically denies that it engaged in any anticompetitive conduct.

5       81.   To the extent Paragraph 81 quotes from, relies on or purports to

6   characterize a report, letter or article, that report, letter or article speaks for itself

7   (though Phillips denies the substance of any allegation suggesting Phillips engaged

8   in any anticompetitive conduct).  The remaining allegations in Paragraph 81 consist

9   of vague, conclusory assertions regarding the gasoline market(s) or other economic

10  principles and/or of generalized alleged conduct of Tesoro and/or Valero that is not

11  specific to Phillips.  Phillips is without knowledge or information sufficient to form

12  a belief as to the truth of these allegations and therefore denies them.  To the extent

13  any remaining allegations in Paragraph 81 are construed to relate to Phillips' conduct,

14  Phillips denies them, and specifically denies that it engaged in any anticompetitive

15  conduct.

16      82.   The allegations in Paragraph 82 concern Tesoro, not Phillips, and thus

17  no response is required.  To the extent that a response is required, Phillips denies the

18  allegations in Paragraph 82 to the extent they are construed to relate to Phillips'

19  conduct, and Phillips is without knowledge or information sufficient to form a belief

20  as to the truth of the balance of the allegations and therefore denies them.

21      83.   The allegations in Paragraph 83 concern Chevron, not Phillips, and thus

22  no response is required.  To the extent that a response is required, Phillips denies the

23  allegations in Paragraph 83 to the extent they are construed to relate to Phillips'

24  conduct, and Phillips is without knowledge or information sufficient to form a belief

25  as to the truth of the balance of the allegations and therefore denies them.

26      84.   The allegations in Paragraph 84 consist of vague, conclusory assertions

27  regarding the gasoline market(s) or other economic principles and/or of generalized

28  alleged conduct of Tesoro and/or Valero that is not specific to Phillips.  Phillips is

1    without knowledge or information sufficient to form a belief as to the truth of these

2    allegations and therefore denies them.  To the extent any remaining allegations in

3    Paragraph 84 are construed to relate to Phillips' conduct, Phillips denies them, and

4    specifically denies that it engaged in any anticompetitive conduct.

5        85.    The allegations in Paragraph 85 consist of vague, conclusory assertions

6    regarding the gasoline market(s) or other economic principles and/or of generalized

7    alleged conduct not specific to Phillips.  Phillips is without knowledge or information

8    sufficient to form a belief as to the truth of these allegations and therefore denies

9    them.  To the extent any remaining allegations in Paragraph 85 are construed to relate

10   to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in

11   any anticompetitive conduct.

12       86.    To the extent Paragraph 86 quotes from, relies on or purports to

13   characterize a report, letter or article, that report, letter or article speaks for itself

14   (though Phillips denies the substance of any allegation suggesting Phillips engaged

15   in any anticompetitive conduct).  The remaining allegations in Paragraph 86 consist

16   of vague, conclusory assertions regarding the gasoline market(s) or other economic

17   principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is

18   without knowledge or information sufficient to form a belief as to the truth of these

19   allegations and therefore denies them.  To the extent any remaining allegations in

20   Paragraph 86 are construed to relate to Phillips' conduct, Phillips denies them, and

21   specifically denies that it engaged in any anticompetitive conduct.

22       87.    To the extent Paragraph 87 quotes from, relies on or purports to

23   characterize a report, letter or article, that report, letter or article speaks for itself

24   (though Phillips denies the substance of any allegation suggesting Phillips engaged

25   in any anticompetitive conduct).  The remaining allegations in Paragraph 87 consist

26   of vague, conclusory assertions regarding the gasoline market(s) or other economic

27   principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is

28   without knowledge or information sufficient to form a belief as to the truth of these

allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 87 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

88.    The allegations in Paragraph 88 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles or generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent that the remaining allegations in Paragraph 88 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

89.    To the extent Paragraph 89 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).  The remaining allegations in Paragraph 89 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent any remaining allegations in Paragraph 89 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

90.    The allegations in Paragraph 90 consist entirely of purported quotations or characterization of statements by the Consumer Watchdog advocacy group in an August 4, 2016, press release, the contents of which speak for themselves, and thus no response by Phillips is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 90 to the extent they are construed to relate to Phillips' conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 90 and therefore denies such allegations.

91.     The allegations in Paragraph 91 consist entirely of purported quotations or characterization of statements in an August 19, 2015 Sacramento Bee article, the contents of which speak for themselves, and thus no response by Phillips is required. To the extent that a response is required, Phillips denies the allegations in Paragraph 91 to the extent they are construed to relate to Phillips' conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 91 and therefore denies such allegations.

92.     The allegations in Paragraph 92 consist entirely of purported quotations or characterization of statements in a June 30, 2016, Los Angeles Times article, the contents of which speak for themselves, and thus no response by Phillips is required. To the extent that a response is required, Phillips denies the allegations in Paragraph 92 to the extent they are construed to relate to Phillips' conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 92 and therefore denies such allegations.

93.     The allegations in Paragraph 93 consist entirely of purported quotations or characterization of statements in a April 8, 2018, San Diego Union Tribune article, the contents of which speak for themselves, and thus no response by Phillips is required.  To the extent that a response is required, Phillips denies the allegations in Paragraph 93 to the extent they are construed to relate to Phillips' conduct; Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 93 and therefore denies such allegations.

94.     The allegations in Paragraph 94 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles and/or of generalized alleged conduct of "Defendants" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent the remaining allegations in Paragraph 94 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

95.     The allegations in Paragraph 95 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

96.     The allegations in Paragraph 96 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

97.     The allegations in Paragraph 97 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

98.     The allegations in Paragraph 98 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

99.     The allegations in Paragraph 99 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

100.    The allegations in Paragraph 100 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

101.    The allegations in Paragraph 101 concern economic principles and/or conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent Paragraph 101 quotes

from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).

102.   The allegations in Paragraph 102 concern economic principles and/or legal conclusions as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

103.   Phillips admits that California law mandates a specific formulation of gasoline during spring and summer months.  The balance of the allegations in Paragraph 103 concern legal conclusions and economic principles as to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent Paragraph 103 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).

104.   The allegations in Paragraph 104 consist entirely of purported quotations or characterization of statements in a California State Senate report the contents of which speak for itself.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them, and Phillips specifically denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct.

105.   The allegations in Paragraph 105 consist primarily of purported quotations or characterization of statements in (i) a California State Senate report and (ii) a purported 1993 "document generated by Chevron as part of a strategic study," the contents of which speak for themselves.  To the extent a response is required, Phillips lacks knowledge of the purported 1993 Chevron document, is otherwise without knowledge or information sufficient to form a belief as to the truth of these

1  allegations and therefore denies them, and Phillips specifically denies the substance

2  of any allegation suggesting Phillips engaged in any anticompetitive conduct.

3       106.   The allegations in Paragraph 106 consist primarily of purported

4  quotations or characterization of statements in (i) a California State Senate report and

5  (ii) a purported 1996 "Energy Briefing Note" generated by the PIRA Energy Group,

6  the contents of which speak for themselves. To the extent a response is required,

7  Phillips lacks knowledge of the purported 1996 PIRA Energy Group document, is

8  otherwise without knowledge or information sufficient to form a belief as to the truth

9  of these allegations and therefore denies them, and Phillips specifically denies the

10 substance of any allegation suggesting Phillips engaged in any anticompetitive

11 conduct.

12      107.   The allegations in Paragraph 107 consist entirely of purported

13 quotations or characterization of statements in a California State Senate report the

14 contents of which speak for itself.  To the extent a response is required, Phillips is

15 without knowledge or information sufficient to form a belief as to the truth of these

16 allegations and therefore denies them, and Phillips specifically denies the substance

17 of any allegation suggesting Phillips engaged in any anticompetitive conduct.

18      108.   The allegations in Paragraph 108 consist entirely of purported

19 quotations or characterization of statements in a California State Senate report the

20 contents of which speak for itself.  To the extent a response is required, Phillips is

21 without knowledge or information sufficient to form a belief as to the truth of these

22 allegations and therefore denies them, and Phillips specifically denies the substance

23 of any allegation suggesting Phillips engaged in any anticompetitive conduct.

24      109.   Phillips admits that it is a member of various trade associations that

25 conduct periodic meetings or other events and, on occasion, may engage in lobbying

26 activities protected by the First Amendment to the United States Constitution and/or

27 the *Noerr-Pennington* doctrine.  To the extent the remaining allegations in Paragraph

28 109 are construed to concern Phillips' conduct, Phillips denies the allegations and

specifically denies that it engaged in any anticompetitive conduct.  To the extent the remaining allegations in Paragraph 109 concern other of Defendants, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

110.   Phillips admits that it is a member of various trade associations.  Phillips denies that it has "conspired [with anyone] to use these trade organizations to engage in anticompetitive discussions involving pricing, supply and production levels." Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 and therefore denies them.

111.   The allegations in Paragraph 111 consist of vague, conclusory assertions regarding "Defendants" generally, not allegations specific to Phillips' conduct. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent the remaining allegations in Paragraph 111 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that "the trade associations provided a mechanism and venue through which [a] conspiracy [of which Phillips was a member] was facilitated, implemented and monitored."

112.   Phillips admits that it is a member of WSPA.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 112 and therefore denies them.

113.   Phillips admits that it is a member of API.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 113 and therefore denies them.

114.   Phillips admits that it is a member of AFPM.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 114 and therefore denies them.

115.   The allegations in Paragraph 115 do not concern Phillips and thus no response is required.  To the extent a response is required, Phillips is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them.

116.   The allegations in Paragraph 116 do not concern Phillips and thus no response is required.   To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies them.

117.   The allegations in Paragraph 117 consist of vague, conclusory assertions regarding "Defendants" (or the referenced trade associations) generally, not allegations specific to Phillips' conduct.   Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent the remaining allegations in Paragraph 117 are construed to relate to Phillips' conduct, Phillips denies them.

118.   Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies them.

119.   The allegations in Paragraph 119 consist primarily of purported quotations or characterization of statements made by OPIS describing its business structure and product offerings, the contents of which speak for themselves.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  The remaining allegations in Paragraph 119 consist of vague, conclusory assertions regarding "Defendants'" purported use of the OPIS service to "share pricing information" or "share and access real time information," not specific to Phillips' conduct.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.   To the extent the remaining allegation are construed to relate to Phillips' conduct, Phillips denies them and specifically denies that it engaged in anticompetitive use of the OPIS service.

120.   The allegations in Paragraph 120 consist primarily of purported quotations or characterization of statements made by Platts describing its business

1    structure and product offerings, the contents of which speak for themselves.  To the
2    extent a response is required, Phillips is without knowledge or information sufficient
3    to form a belief as to the truth of these allegations and therefore denies them.  The
4    remaining allegations in Paragraph 120 consist of vague, conclusory assertions
5    regarding "Defendants'" purported use of Platts' products or services, not specific to
6    Phillips' conduct.  Phillips is without knowledge or information sufficient to form a
7    belief as to the truth of these allegations and therefore denies them.  To the extent the
8    remaining allegation are construed to relate to Phillips' conduct, Phillips denies them
9    and specifically denies that it engaged in anticompetitive use of Platts' products or
10   services.

11   121.   The allegations in Paragraph 121 consist primarily of vague, conclusory
12   assertions regarding the nature of and/or use by "Defendants" of the Platts and OPIS
13   "platforms," not specific to Phillips' conduct.  To the extent a response is required,
14   Phillips is without knowledge or information sufficient to form a belief as to the truth
15   of these allegations and therefore denies them.  To the extent the remaining allegation
16   are construed to relate to Phillips' conduct, Phillips denies them and specifically
17   denies that it utilized either Platts or OPIS "to ensure that the market is not flooded
18   with excess gasoline which might drive down prices."

19   122.   Plaintiffs' allegations in Paragraph 122 are immaterial and irrelevant in
20   light of the Court's ruling dismissing their claims to the extent seeking damages prior
21   to June 21, 2014.  (Dkt. #108 at 7:5-6.)  Further, the allegations in Paragraph 122
22   consist of vague, conclusory assertions regarding the gasoline market(s) or other
23   economic principles, of generalized alleged conduct of "Defendants" not specific to
24   Phillips.  Phillips is without knowledge or information sufficient to form a belief as
25   to the truth of these allegations and therefore denies them.  To the extent the
26   remaining allegations in Paragraph 122 are construed to relate to Phillips' conduct,
27   Phillips denies them and specifically denies that it provided any "pretextual
28   explanations" for its conduct with respect to alleged price spikes during portions of

2012.

123.   The allegations in Paragraph 123 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles, of generalized alleged conduct of "Defendants" not specific to Phillips.  Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent the remaining allegations in Paragraph 123 are construed to relate to Phillips' conduct, Phillips denies them and specifically denies that it took any action "against [its] economic self-interest" during the relevant time period.

124.   Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies them.

125.   To the extent Paragraph 125 quotes from, relies on or purports to characterize a report, letter or article, that report, letter or article speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).   Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 125 and therefore denies them.

126.   Phillips admits that exchange agreements are contracts under which a refiner may acquire (typically by purchase) petroleum products from another refiner at a pre-agreed rate of exchange. The remaining allegations in Paragraph 126 consist of vague, conclusory assertions regarding the gasoline market(s) or other economic principles, of generalized alleged conduct not specific to Phillips and/or purported characterizations of the data tracked by or available from the CEC or the EIA, as to which no response is required. Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent that the remaining allegations in Paragraph 126 are construed to relate to Phillips' conduct, Phillips denies them, and specifically denies that it engaged in any anticompetitive conduct.

127.   To the extent Paragraph 127 quotes from, relies on or purports to

1   characterize a report, letter or article, that report, letter or article speaks for itself
2   (though Phillips denies the substance of any allegation suggesting Phillips engaged
3   in any anticompetitive conduct). Phillips is without knowledge or information
4   sufficient to form a belief as to the truth of the balance of the allegations in Paragraph
5   127 and therefore denies them.

6       128.   The allegations in Paragraph 128 regarding the purported purposes for
7   the creation of and studies of the PMAC do not concern Philips and thus no response
8   is required. To the extent that a response is required, Phillips is without knowledge
9   or information sufficient to form a belief as to the truth of the balance of the
10  allegations and therefore denies them.

11      129.   To the extent Paragraph 129 quotes from, relies on or purports to
12  characterize a report, letter or article, that report, letter or article speaks for itself
13  (though Phillips denies the substance of any allegation suggesting Phillips engaged
14  in any anticompetitive conduct). To the extent any remaining allegations in
15  Paragraph 129 are construed to relate to Phillips' conduct, Phillips denies such
16  allegations, and specifically denies that it engaged in any anticompetitive conduct.

17      130.   To the extent Paragraph 130 quotes from, relies on or purports to
18  characterize a report, letter or article, that report, letter or article speaks for itself
19  (though Phillips denies the substance of any allegation suggesting Phillips engaged
20  in any anticompetitive conduct). Phillips is without knowledge or information
21  sufficient to form a belief as to the truth of the remaining allegations in Paragraph
22  130 and therefore denies them. To the extent any remaining allegations in Paragraph
23  130 are construed to relate to Phillips' conduct, Phillips denies such allegations, and
24  specifically denies that it engaged in any anticompetitive conduct.

25      131.   Phillips admits that it received a subpoena from the California Attorney
26  General in May 2016 seeking certain information and documents pertaining to,
27  among other things, gasoline supplies, pricing and refinery shutdowns, and admits
28  that it understands that defendants Exxon, Chevron, Tesoro, Shell and Valero

1   received similar subpoenas.  Phillips denies the balance of the allegations to the

2   extent they concern Phillips.

3      132.   Plaintiffs' allegations in Paragraphs 132 through 136 are immaterial and

4   irrelevant in light of the Court's ruling dismissing their claims to the extent seeking

5   damages prior to June 21, 2014.  (Dkt. #108 at 7:5-6.)   Further, to the extent

6   Paragraph 132 quotes from, relies on or purports to characterize a report, letter or

7   article, that report, letter or article speaks for itself (though Phillips denies the

8   substance of any allegation suggesting Phillips engaged in any anticompetitive

9   conduct). The remaining allegations in Paragraph 132 consist of vague, conclusory

10   assertions regarding the gasoline market(s) or other economic principles and/or of

11   generalized conduct not specific to Phillips. Phillips is without knowledge or

12   information sufficient to form a belief as to the truth of these allegations and therefore

13   denies them. To the extent any remaining allegations in Paragraph 132 are construed

14   to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies

15   that it engaged in any anticompetitive conduct.

16      133.   To the extent Paragraph 133 quotes from, relies on or purports to

17   characterize a report, letter or article, that report, letter or article speaks for itself

18   (though Phillips denies the substance of any allegation suggesting Phillips engaged

19   in any anticompetitive conduct). The remaining allegations in Paragraph 133 consist

20   of vague, conclusory assertions regarding the gasoline market(s) or other economic

21   principles and/or of generalized conduct not specific to Phillips. Phillips is without

22   knowledge or information sufficient to form a belief as to the truth of these

23   allegations and therefore denies them. To the extent any remaining allegations in

24   Paragraph 133 are construed to relate to Phillips' conduct, Phillips denies such

25   allegations, and specifically denies that it engaged in any anticompetitive conduct.

26      134.   To the extent Paragraph 134 quotes from, relies on or purports to

27   characterize a report, letter or article, that report, letter or article speaks for itself

28   (though Phillips denies the substance of any allegation suggesting Phillips engaged

in any anticompetitive conduct). To the extent any remaining allegations in Paragraph 134 are construed to relate to Phillips' conduct, Phillips denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

135.   Paragraph 135 consists entirely of purported quotation from a 2012 letter by Rep. Peter DeFazio or Oregon, which speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).

136.   Paragraph 136 consists entirely of purported quotation from a 2012 letter by Rep. Peter DeFazio or Oregon, which speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).

137.   Paragraph 137 consists entirely of purported quotation and/or characterization of a 2011 statement issued by then-Attorney General Eric Holder, regarding creation of an Oil and Gas Price Fraud Working Group ("Working Group"), which speaks for itself (though Phillips denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct).

138.   Paragraph 138 consists entirely of a description of the members of the Working Group, to which no response is required.

139.   Paragraph 139 consists entirely of purported characterization of the U.S. Government's purpose in creating the Working Group, to which no response is required.  To the extent a response is required, Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

140.   Phillips is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them.

141.   The allegations in Paragraph 141 consist entirely of purported quotations or characterization of statements in a presentation by Edie Chang to the PMAC, the contents of which speak for itself.  To the extent a response is required,

Phillips is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them, and Phillips specifically denies the substance of any allegation suggesting Phillips engaged in any anticompetitive conduct.

142.   Phillips admits that the action purports to be a class action with the definition set forth in Paragraph 142, but denies that the action may be properly maintained as a class action, and denies the remaining allegations in this Paragraph. Further, the allegation of a class period extending between February 1, 2012 and June 21, 2014 is immaterial and irrelevant in light of the Court's ruling dismissing Plaintiffs' claims to the extent seeking damages prior to June 21, 2014.  (Dkt. #108 at 7:5-6.)

143.   The allegations in Paragraph 143 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

144.   The allegations in Paragraph 144 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

145.   The allegations in Paragraph 145 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

146.   The allegations in Paragraph 146 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed

1   necessary, Phillips denies them. Phillips is without knowledge or information
2   sufficient to form a belief as to the truth of the remaining allegations in this Paragraph
3   and therefore denies them.

4   147.   The allegations in Paragraph 147 are primarily legal conclusions as to
5   which no response is required.  To the extent a response to these allegations is deemed
6   necessary, Phillips denies them. Phillips is without knowledge or information
7   sufficient to form a belief as to the truth of the remaining allegations in this Paragraph
8   and therefore denies them.

9   148.   The allegations in Paragraph 148 are primarily legal conclusions as to
10   which no response is required.  To the extent a response to these allegations is deemed
11   necessary, Phillips denies them. Phillips is without knowledge or information
12   sufficient to form a belief as to the truth of the remaining allegations in this Paragraph
13   and therefore denies them.

14   149.   The allegations in Paragraph 149 are primarily legal conclusions as to
15   which no response is required.  To the extent a response to these allegations is deemed
16   necessary, Phillips denies them. Phillips is without knowledge or information
17   sufficient to form a belief as to the truth of the remaining allegations in this Paragraph
18   and therefore denies them.

19   150.   The allegations in Paragraph 150 are primarily legal conclusions as to
20   which no response is required.  To the extent a response to these allegations is deemed
21   necessary, Phillips denies them.  Phillips is without knowledge or information
22   sufficient to form a belief as to the truth of the remaining allegations in this Paragraph
23   and therefore denies them.

24   151.   The allegations in Paragraph 151 are primarily legal conclusions as to
25   which no response is required.  To the extent a response to these allegations is deemed
26   necessary, Phillips denies them. Phillips is without knowledge or information
27   sufficient to form a belief as to the truth of the remaining allegations in this Paragraph
28   and therefore denies them.

152.   The allegations in Paragraph 152 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

153.   The allegations in Paragraph 153 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

154.   The allegations in Paragraph 154 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

155.   The allegations in Paragraph 155 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

156.   The allegations in Paragraph 156 are primarily legal conclusions as to which no response is required.  To the extent a response to these allegations is deemed necessary, Phillips denies them. Phillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

157.   The allegations in Paragraph 157 consist of vague, argumentative and conclusory assertions and legal conclusions as to which no response is required.  To the extent a response is required, Phillips admits that it competes with at least some

of the other defendants in certain matters related to the sale of gasoline in certain markets, denies the allegations to the extent that they purport to define a relevant antitrust product and/or geographic market, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

158.   The allegations in Paragraph 158 are primarily legal conclusions as to which no response is required.  To the extent a response is required, Phillips denies that it entered into any conspiracy to fix, maintain or make artificial prices for gasoline sold in California during the class period, whether through supply constraints, pretextual and/or willful refinery outages or by "roiling the markets by injecting misinformation."  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

159.   The allegations in Paragraph 159 are primarily legal conclusions as to which no response is required.  To the extent a response is required, Phillips denies that it entered into any conspiracy to manipulate gasoline prices in California during the class period.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

160.   Phillips denies the allegations in Paragraph 160.

161.   To the extent that the allegations in Paragraph 161 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

162.   To the extent that the allegations in Paragraph 162 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

163.   To the extent that the allegations in Paragraph 163 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

164.   To the extent that the allegations in Paragraph 164 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

165.   To the extent that the allegations in Paragraph 165 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

166.   To the extent that the allegations in Paragraph 166 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

167.   To the extent that the allegations in Paragraph 167 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

168.   To the extent that the allegations in Paragraph 168 are construed to relate to Phillips' conduct, Phillips denies the allegations.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

## <u>COUNT I (CARTWRIGHT ACT)</u>

169.   Phillips incorporates its responses to Paragraphs 1 through 168 as though fully set forth herein.

170.   The allegations in Paragraph 170 largely consist of legal conclusions as

1  to which no response is required or vague, conclusory assertions characterizing

2  gasoline market(s) or other economic principles and/or of generalized conduct not

3  specific to Phillips.  To the extent a response is required, Phillips denies the

4  allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

5  knowledge or information sufficient to form a belief as to the truth of the balance of

6  the allegations in this Paragraph and therefore denies them.

7      171.  The allegations in Paragraph 171 largely consist of legal conclusions as

8  to which no response is required or vague, conclusory assertions characterizing

9  gasoline market(s) or other economic principles and/or of generalized conduct not

10  specific to Phillips.  To the extent a response is required, Phillips admits that it owns

11  and operates two refineries in the State of California, but denies the remaining

12  allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

13  knowledge or information sufficient to form a belief as to the truth of the balance of

14  the allegations in this Paragraph and therefore denies them.

15      172.  The allegations in Paragraph 172 largely consist of legal conclusions as

16  to which no response is required or vague, conclusory assertions characterizing

17  gasoline market(s) or other economic principles and/or of generalized conduct not

18  specific to Phillips.  To the extent a response is required, Phillips denies the

19  allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

20  knowledge or information sufficient to form a belief as to the truth of the balance of

21  the allegations in this Paragraph and therefore denies them.

22      173.  The allegations in Paragraph 173 largely consist of legal conclusions as

23  to which no response is required or vague, conclusory assertions characterizing

24  gasoline market(s) or other economic principles and/or of generalized conduct not

25  specific to Phillips.  To the extent a response is required, Phillips denies the

26  allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

27  knowledge or information sufficient to form a belief as to the truth of the balance of

28  the allegations in this Paragraph and therefore denies them.

174.   The allegations in Paragraph 174 largely consist of legal conclusions as to which no response is required or vague, conclusory assertions characterizing gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.   To the extent a response is required, Phillips denies the allegations to the extent they concern Phillips' alleged conduct.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

## COUNT II (UNFAIR COMPETITION LAW)

175.   Phillips incorporates its responses to Paragraphs 1 through 174 as though fully set forth herein.

176.   The allegations in Paragraph 176 consistent entirely of legal conclusions or Plaintiffs' statement of purpose in bringing this action, to which no response is required.  To the extent a response is required, Phillips denies the allegations to the extent they concern Phillips' alleged conduct.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

177.   The allegations in Paragraph 177 largely consist of legal conclusions as to which no response is required or vague, conclusory assertions characterizing gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.   To the extent a response is required, Phillips denies the allegations to the extent they concern Phillips' alleged conduct.  Phillips is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this Paragraph and therefore denies them.

178.   The allegations in Paragraph 178 largely consist of legal conclusions as to which no response is required or vague, conclusory assertions characterizing gasoline market(s) or other economic principles and/or of generalized conduct not specific to Phillips.   To the extent a response is required, Phillips denies the allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

1   knowledge or information sufficient to form a belief as to the truth of the balance of

2   the allegations in this Paragraph and therefore denies them.

3        179.   The allegations in Paragraph 179 largely consist of legal conclusions as

4   to which no response is required or vague, conclusory assertions characterizing

5   gasoline market(s) or other economic principles and/or of generalized conduct not

6   specific to Phillips.   To the extent a response is required, Phillips denies the

7   allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

8   knowledge or information sufficient to form a belief as to the truth of the balance of

9   the allegations in this Paragraph and therefore denies them.

10       180.   The allegations in Paragraph 180 largely consist of legal conclusions as

11  to which no response is required or vague, conclusory assertions characterizing

12  gasoline market(s) or other economic principles and/or of generalized conduct not

13  specific to Phillips.   To the extent a response is required, Phillips denies the

14  allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

15  knowledge or information sufficient to form a belief as to the truth of the balance of

16  the allegations in this Paragraph and therefore denies them.

17       181.   The allegations in Paragraph 181 largely consist of legal conclusions as

18  to which no response is required or vague, conclusory assertions characterizing

19  gasoline market(s) or other economic principles and/or of generalized conduct not

20  specific to Phillips.   To the extent a response is required, Phillips denies the

21  allegations to the extent they concern Phillips' alleged conduct.  Phillips is without

22  knowledge or information sufficient to form a belief as to the truth of the balance of

23  the allegations in this Paragraph and therefore denies them.

24              **SEPARATE AND ADDITIONAL DEFENSES**

25         **(To Entire Complaint and Each Claim Alleged Therein)**

26       In addition to the foregoing denials, Phillips states the following defenses

27  pursuant to Federal Rule of Civil Procedure 8(b)(1)(A) and Federal Rule of Civil

28  Procedure 8(c), some of which may be affirmative defenses and others of which relate

to the elements of one or more of Plaintiffs' claims.  By pleading these defenses, Phillips does not assume the burden of proof on any fact, issue or element of a cause of action or defense for which it would not otherwise have the burden of proof.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state the claims of the Complaint, in whole or in part, in either an individual or representative capacity.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to assert the claims of the Complaint, in whole or in part, in either an individual or representative capacity.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Antitrust Standing)

Plaintiffs' claims, in either an individual or representative capacity, are barred, in whole or in part, on the grounds that Plaintiffs and the putative class on whose behalf it purports to sue, lacks antitrust standing because the alleged injuries do not constitute antitrust injury caused by any act or omission of Phillips or are otherwise too speculative, derivative, indirect, and remote to confer antitrust standing.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

Plaintiffs' claims, in either an individual or representative capacity, are barred in whole or in part by the applicable statutes of limitations.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Other Causes)

The injuries, damages and losses alleged in the Complaint, none being admitted, may have resulted, at least in part, from independent, unforeseeable, superseding and/or intervening causes or the conduct of others for which Phillips is

not responsible.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Unavoidable Accident)

The injuries, damages, and losses alleged in the Complaint, none being admitted, may have resulted, at least in part, from an unavoidable accident.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims, in either an individual or representative capacity, are barred to the extent that Plaintiffs or any putative class members would be unjustly enriched by any recovery.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset/Recoupment)

The claims of Plaintiffs or any putative class member(s) who purchased gasoline from Phillips are barred to the extent of the amounts that they are obligated to pay Phillips.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver/Estoppel)

On information and belief, Plaintiffs and/or other putative class members have engaged in conduct and activities with respect to the subject matter of this dispute by reason of which they have waived or are estopped to assert some or all of the claims or demands against Phillips asserted in the Complaint.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Release/*Res Judicata*)

The claims of Plaintiffs and/or other putative class members are barred, in whole or in part, because such claims were released and/or are otherwise barred by the doctrine of *res judicata*.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

(Mandatory Arbitration)

Plaintiff and/or some members of the putative class set forth in the Complaint have agreed to mandatory binding arbitration which bars any representative, collective or class claims or actions.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

(*Noerr-Pennington*)

The claims of Plaintiffs and/or other putative class members are barred in whole or in part by the Noerr-Pennington Doctrine.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

(No Multiple Recoveries)

The claims of Plaintiffs and/or other putative class members are barred in whole or in part to the extent they would result in Phillips paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to Phillips by applicable states' laws and by the United States Constitution.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Pass On)

The claims of Plaintiffs and/or other putative class members for alleged illegal overcharges are barred, in whole or in part, to the extent that such overcharges, the existence of which Phillips expressly denies, were absorbed, in whole or in part, by others, and were not passed on to Plaintiffs and/or was passed-on to others.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

(State Action)

The claims of Plaintiffs and/or other putative class members are barred in whole or in part by the state action doctrine as Phillips' alleged conduct resulted from its attempts to comply with applicable federal and state statutes and regulatory

1  requirements.

2  ## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

3  ### (*Ultra Vires*)

4  The claims of Plaintiffs and/or other putative class members are barred in

5  whole or in part because, to the extent such claims are based on alleged conduct by

6  employees of Phillips, such individuals acted outside the scope of their authority.

7  ## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

8  ### (Relevant Product/Geographic Market(s))

9  The claims of Plaintiffs and/or other putative class members are barred in

10  whole or in part because Plaintiffs have failed to allege and cannot prove a properly

11  defined relevant product market and/or a properly defined relevant geographic

12  market.

13  ## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

14  ### (Unconstitutional Relief Sought)

15  The relief sought by Plaintiffs and the putative class is unconstitutional

16  because it would violate the due process and/or excessive fines clauses of the

17  Constitution of the United States.

18  ## ADOPTION BY REFERENCE

19  Phillips hereby adopts by reference any other applicable defense asserted by

20  any other defendant in this action, or otherwise demonstrated by the evidence

21  presented to the Court, to the extent such defense applies to any claim against

22  Phillips in whole or in part.

23  ## RESERVATION OF ADDITIONAL DEFENSES

24  Phillips reserves the right to amend and supplement this Answer to assert any

25  additional defenses, including those listed in Rule 8(c) of the Federal Rules of Civil

26  Procedure, as, when, and if such amendment becomes appropriate in the course of

27  Phillips' investigation, discovery or preparation for trial in this action.

28

1

### **PRAYER FOR RELIEF**

2      1.      Wherefore, Phillips respectfully prays this Court find that:

3      2.      Plaintiffs and the putative class take nothing by way of the Complaint

4   and that judgment be rendered in favor of Phillips.

5      3.      That Phillips be awarded costs of suit; and

6      4.      For such other relief as the Court deems just and proper.

7

8   Dated: June 24, 2019                JOSHUA D. LICHTMAN
                                        CHRISTINA N. DANIELE
9
                                        LAYNE E. KRUSE
10                                      **NORTON ROSE FULBRIGHT US LLP**

11

12
                                        By   /s/ Joshua D. Lichtman
13                                          JOSHUA D. LICHTMAN
                                            Attorneys for Defendant
14                                          PHILLIPS 66

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2    I, Tina Sims, declare:

3    I am a citizen of the United States and employed in Los Angeles County,
4 California. I am over the age of eighteen years and not a party to the within-entitled
5 action. My business address is 555 South Flower Street, Forty-First Floor, Los
6 Angeles, California 90071.

7    I hereby certify that on June 24, 2019, I electronically transmitted the
8 document identified below to the Clerk of Court using the CM/ECF System for filing
9 and transmittal of a Notice of Electronic Filing to all counsel in this matter, all
10 counsel being registered to receive electronic filings:

11    **ANSWER OF DEFENDANT PHILLIPS 66 TO PLAINTIFFS'**
12    **CONSOLIDATED COMPLAINT**

13

14                                       Tina Sims

CERTIFICATE OF SERVICE

DOCUMENT PREPARED
ON RECYCLED PAPER