**O'MELVENY & MYERS LLP**
CHARLES C. LIFLAND (108950)
DAWN SESTITO (214011)
400 South Hope Street, 18th Floor
Los Angeles, California  90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407
E-mail:  clifland@omm.com
E-mail:  dsestito@omm.com

Attorneys for Defendant
EXXON MOBIL CORPORATION

[Additional Counsel For Defendant Exxon
Mobil Corporation On Next Page]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BARTLETT, JOSHUA EBRIGHT, PAUL LEE, DAVID RINALIDI, and KRISTINE SNYDER, on Behalf of Themselves and All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>BP WEST COAST PRODUCTS LLC; CHEVRON U.S.A. INC.; TESORO REFINING & MARKETING COMPANY LLC; EQUILON ENTERPRISES LLC (D/B/A SHELL OIL PRODUCTS US); EXXON MOBIL CORPORATION; VALERO MARKETING AND SUPPLY COMPANY; PHILLIPS 66; ALON USA ENERGY, INC.; and DOES 1-25, Inclusive,<br><br>   Defendants. | Case No. 3:18-cv-01374-L-AGS<br><br>**CLASS ACTION**<br><br>**DEFENDANTS EXXON MOBIL CORPORATION'S ANSWER TO PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>Complaint Filed:  August 8, 2018<br>Trial Date:  TBD |

**O'MELVENY & MYERS LLP**
M. RANDALL OPPENHEIMER (77649)
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone:  (310)553-6700
Facsimile:   (310) 246-6779 (fax)
E-mail:  roppenheimer@omm.com

WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
KATHERINE M. MCCRAY (243500)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:    (619) 236-9669
E-mail:  rwofford@wilsonturnerkosmo.com
E-mail:  fkosmo@wilsonturnerkosmo.com
E-mail:  hkim@wilsonturnerkosmo.com
E-mail:  kmccray@wilsonturnerkosmo.com


Co-Counsel for Defendant
EXXON MOBIL CORPORATION

1  Defendant Exxon Mobil Corporation ("ExxonMobil") answers Plaintiffs'
2  Consolidated Complaint, Dkt. No. 44, as follows.  ExxonMobil denies all allegations
3  in the Consolidated Complaint (including headings and captions) not specifically
4  admitted in this Answer and specifically incorporates this denial into each response
5  below.

6  Plaintiffs' introductory statement states no factual allegations as to ExxonMobil
7  and therefore no response is required.

8  1.  ExxonMobil denies the allegations in the first, second, and fifth sentences
9  of paragraph 1.  The remaining allegations in paragraph 1 consist of vague,
10  conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is
11  without knowledge or information sufficient to form a belief as to the truth of those
12  allegations and, on that basis, denies them.  To the extent any remaining allegations in
13  paragraph 1 are construed to relate to ExxonMobil, ExxonMobil denies such
14  allegations, and specifically denies that it engaged in any anticompetitive conduct.

15  2.  ExxonMobil admits only that on February 18, 2015, at approximately
16  8:48 a.m., an over-pressurization occurred in the electrostatic precipitator ("ESP") at
17  the Torrance Refinery, causing the Refinery to partially shut down.  The remaining
18  allegations in paragraph 2 consist of vague, conclusory, and generalized assertions not
19  specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient
20  to form a belief as to the truth of those allegations and, on that basis, denies them.  To
21  the extent any allegations in paragraph 2 are construed to relate to ExxonMobil,
22  ExxonMobil denies such allegations, and specifically denies that it engaged in any
23  anticompetitive conduct.

24  3.  The allegations in paragraph 3 relate to alleged conduct that occurred
25  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no
26  response is required.  To the extent a response is required, the allegations in paragraph
27  3 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.
28  ExxonMobil is without knowledge or information sufficient to form a belief as to the

truth of those allegations and, on that basis, denies them.  To the extent any allegations in paragraph 3 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

4.     The allegations in paragraph 4 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent a response is required, the allegations in paragraph 4 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any allegations in paragraph 4 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

5.     The allegations in paragraph 5 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 5 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any remaining allegations in paragraph 5 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

6.     The allegations in paragraph 6 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent a response is required, the allegations in paragraph 6 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the

truth of those allegations and, on that basis, denies them.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any remaining allegations in paragraph 6 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

7.      The allegations in paragraph 7 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent a response is required, the allegations in paragraph 7 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any remaining allegations in paragraph 7 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

8.      The allegations in paragraph 8 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil admits only that it chartered fuel tankers to import gasoline products into California during the summer of 2015.  To the extent the remaining allegations in paragraph 8 are construed to relate to ExxonMobil, ExxonMobil denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

response is required.  To the extent that a response is required, the allegations in paragraph 9 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 9 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

10.     The allegations in paragraph 10 state legal conclusions to which no response is required.

11.     ExxonMobil admits only that it conducted business in this District during relevant time period through June 30, 2016.  The remaining allegations in paragraph 11 state legal conclusions to which no response is required.

12.     ExxonMobil admits only that it conducted business in this District during relevant time period through June 30, 2016.  The remaining allegations in paragraph 12 state legal conclusions to which no response is required

13.     Paragraph 13 states legal conclusions to which no response is required.  To the extent a response is required, ExxonMobil denies the allegations in paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, ExxonMobil denies the allegations in paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, ExxonMobil denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 state legal conclusions to which no response is required.  To the extent any remaining allegations in paragraph 16 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.  ExxonMobil lacks

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1  knowledge or information sufficient to form a belief as to the truth of the allegations

2  of paragraph 16 related to Plaintiffs' places of residence.

3        17.    Paragraph 17 states no factual allegations as to ExxonMobil and therefore

4  no response is required.  To the extent a response is required, ExxonMobil lacks

5  knowledge or information sufficient to form a belief as to the truth of the allegations

6  of paragraph 17 and, on that basis, denies them.

7        18.    Paragraph 18 states no factual allegations as to ExxonMobil and therefore

8  no response is required.  To the extent a response is required, ExxonMobil lacks

9  knowledge or information sufficient to form a belief as to the truth of the allegations

10  of paragraph 18 and, on that basis, denies them.

11        19.    Paragraph 19 states no factual allegations as to ExxonMobil and therefore

12  no response is required.  To the extent a response is required, ExxonMobil lacks

13  knowledge or information sufficient to form a belief as to the truth of the allegations

14  of paragraph 19 and, on that basis, denies them.

15        20.    Paragraph 20 states no factual allegations as to ExxonMobil and therefore

16  no response is required.  To the extent a response is required, ExxonMobil lacks

17  knowledge or information sufficient to form a belief as to the truth of the allegations

18  of paragraph 20 and, on that basis, denies them.

19        21.    Paragraph 21 states no factual allegations as to ExxonMobil and therefore

20  no response is required.  To the extent a response is required, ExxonMobil lacks

21  knowledge or information sufficient to form a belief as to the truth of the allegations

22  of paragraph 21 and, on that basis, denies them.

23        22.    Paragraph 22 states no factual allegations as to ExxonMobil and therefore

24  no response is required.  To the extent a response is required, ExxonMobil lacks

25  knowledge or information sufficient to form a belief as to the truth of the allegations

26  in paragraph 22 and, on that basis, denies them.

27        23.    Paragraph 23 states no factual allegations as to ExxonMobil and therefore

28  no response is required.  To the extent a response is required, ExxonMobil lacks

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies them.

24.     Paragraph 24 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies them.

25.     Paragraph 25 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, denies them.

26.     ExxonMobil admits that it is a New Jersey corporation with a principal place of business in Irving, Texas.  ExxonMobil states that its full corporate name is Exxon Mobil Corporation.  ExxonMobil states that it sold the Torrance Refinery effective July 1, 2016.  Because of the sale, ExxonMobil has no information regarding the Torrance Refinery's current operations, and denies the allegations in paragraph 27 on that basis.  Prior to the sale, the proportion of gasoline provided to California by the Torrance Refinery varied depending on numerous factors and ExxonMobil denies the remaining allegations in paragraph 27 on that basis.

27.     Paragraph 27 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, denies them.

28.     Paragraph 28 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies them.

29.     Paragraph 29 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies them.

30.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies them.

31.    Paragraph 31 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, on that basis, denies them.

32.    Paragraph 32 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil admits that there are somewhat unique features of the gasoline market(s) in California.  The remaining allegations in paragraph 32 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 32 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

33.    The allegations in paragraph 33 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 33 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 33 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

34.    The allegations in paragraph 34 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

response is required. To the extent that a response is required, the allegations in paragraph 34 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent any remaining allegations in paragraph 34 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

35. The allegations in paragraph 35 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required. To the extent that a response is required, the allegations in paragraph 35 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent any allegations in paragraph 35 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

36. The allegations in paragraph 36 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required. To the extent that a response is required, the allegations in paragraph 36 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent any allegations in paragraph 36 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

37. The allegations in paragraph 37 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required. To the extent that a response is required, ExxonMobil admits

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1    only that its Torrance Refinery experienced an unplanned partial shutdown beginning

2    on October 1, 2012.  ExxonMobil denies the remaining allegations in paragraph 37.

3        38.    The allegations in paragraph 38 relate to alleged conduct that occurred

4    prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

5    response is required.  To the extent that a response is required, ExxonMobil denies the

6    remaining allegations in paragraph 38.  To the extent this paragraph quotes from or

7    relies on a report, letter or article, that report, letter or article speaks for itself (though

8    ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged

9    in any anticompetitive conduct).

10       39.    The allegations in paragraph 39 relate to alleged conduct that occurred

11   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

12   response is required.  To the extent that a response is required, the allegations in

13   paragraph 39 consist of vague, conclusory, and generalized assertions not specific to

14   ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

15   belief as to the truth of those allegations and, on that basis, denies them.  To the extent

16   this paragraph quotes from or relies on a report, letter or article, that report, letter or

17   article speaks for itself (though ExxonMobil denies the substance of any allegation

18   suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any

19   remaining allegations in paragraph 39 are construed to relate to ExxonMobil,

20   ExxonMobil denies such allegations, and specifically denies that it engaged in any

21   anticompetitive conduct.

22       40.    The allegations in paragraph 40 relate to alleged conduct that occurred

23   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

24   response is required.  To the extent that a response is required, ExxonMobil admits

25   only that its Torrance Refinery experienced an unplanned partial shutdown beginning

26   on October 1, 2012.  ExxonMobil denies the remaining allegations in paragraph 40

27   related to the partial shutdown.  The remainder of paragraph 40 states no factual

28   allegations as to ExxonMobil and therefore no response is required.  To the extent a

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

41.    The allegations in paragraph 41 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 41 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any allegations in paragraph 41 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

42.    The allegations in paragraph 42 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 42 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any remaining allegations in paragraph 42 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

43.    The allegations in paragraph 43 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 43 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 43 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

44.     The allegations in paragraph 44 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 44 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 44 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

45.     The allegations in paragraph 45 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 45 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 45 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

46.     The allegations in paragraph 46 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 46 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

any remaining allegations in paragraph 46 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

47.     The allegations in paragraph 47 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, the allegations in paragraph 47 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any remaining allegations in paragraph 47 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

48.     The allegations in paragraph 48 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil admits only that it is a member of the Western States Petroleum Association.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 48 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 48 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

49.     The allegations in paragraph 49 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 49 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

50.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 50 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 50 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

51.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 51 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 51 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

52.     ExxonMobil admits only that on February 18, 2015, at approximately 8:48 a.m., an over-pressurization occurred in the electrostatic precipitator ("ESP") at the Torrance Refinery, causing the Refinery to partially shut down.  ExxonMobil states that it sold the Torrance Refinery effective July 1, 2016.  Because of the sale,

1    ExxonMobil has no information regarding the Torrance Refinery's current operations

2    and denies the remaining allegations in paragraph 52 on that basis.

3         53.    ExxonMobil admits only that on February 18, 2015, at approximately

4    8:48 a.m., an over-pressurization occurred in the electrostatic precipitator ("ESP") at

5    the Torrance Refinery, causing the Refinery to partially shut down.  The remaining

6    allegations in paragraph 53 consist of vague, conclusory, and generalized assertions

7    not specific to ExxonMobil.  ExxonMobil is without knowledge or information

8    sufficient to form a belief as to the truth of those allegations and, on that basis, denies

9    them.  To the extent any remaining allegations in paragraph 53 are construed to relate

10   to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it

11   engaged in any anticompetitive conduct.

12        54.    ExxonMobil admits the allegations in the second sentence of paragraph

13   54, but notes that Cal/OSHA has withdrawn all of its citations that alleged "willful"

14   conduct by ExxonMobil.  To the extent a further response is required to the remainder

15   of paragraph 54, ExxonMobil denies the allegations and states that the Cal/OSHA

16   press release quoted speaks for itself.

17        55.    To the extent this paragraph quotes from or relies on a report, letter or

18   article, that report, letter or article speaks for itself (though ExxonMobil denies the

19   alleged description of "egregious and willful lapses").  To the extent an additional

20   response is required, ExxonMobil denies the allegations in paragraph 55.

21        56.    To the extent this paragraph quotes from or relies on a report, letter or

22   article, that report, letter or article speaks for itself (though ExxonMobil denies the

23   substance of any allegation suggesting ExxonMobil engaged in any anticompetitive

24   conduct).  The remaining allegations in paragraph 56 consist of vague, conclusory,

25   and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

26   knowledge or information sufficient to form a belief as to the truth of those allegations

27   and, on that basis, denies them.  To the extent any remaining allegations in paragraph

28

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1  56 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

2  specifically denies that it engaged in any anticompetitive conduct.

3       57.    To the extent this paragraph quotes from or relies on a report, letter or

4  article, that report, letter or article speaks for itself (though ExxonMobil denies the

5  substance of any allegation suggesting ExxonMobil engaged in any anticompetitive

6  conduct).  The remaining allegations in paragraph 57 consist of vague, conclusory,

7  and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

8  knowledge or information sufficient to form a belief as to the truth of those allegations

9  and, on that basis, denies them.  To the extent any remaining allegations in paragraph

10  57 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

11  specifically denies that it engaged in any anticompetitive conduct.

12       58.    ExxonMobil admits only that on February 18, 2015, at approximately

13  8:48 a.m., an over-pressurization occurred in the electrostatic precipitator ("ESP") at

14  the Torrance Refinery, causing the Refinery to partially shut down.  ExxonMobil

15  denies the remaining allegations in paragraph 58 related to the shutdown.  The

16  remainder of paragraph 58 states no factual allegations as to ExxonMobil and

17  therefore no response is required.  To the extent a response is required, ExxonMobil

18  lacks knowledge or information sufficient to form a belief as to the truth of these

19  allegations and, on that basis, denies them.

20       59.    ExxonMobil admits the S/R American Progress, a Jones Act vessel

21  owned by ExxonMobil affiliate Sea River Maritime, Inc., is in service as a U.S. Gulf

22  Coast region supply ship.  ExxonMobil states that in the summer 2015, the S/R

23  American Progress traveled to Singapore for planned maintenance and related

24  activities.  ExxonMobil denies the remaining allegations in paragraph 59.

25       60.    ExxonMobil admits the S/R American Progress, a Jones Act vessel

26  owned by ExxonMobil affiliate Sea River Maritime, Inc., is in service as a U.S. Gulf

27  Coast region supply ship.  ExxonMobil states that in the summer 2015, the S/R

28  American Progress traveled to Singapore for planned maintenance and related

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1  activities and made a normal-course stop in a California port to prepare for its
2  transatlantic journey to Singapore for its planned maintenance. ExxonMobil denies the
3  remaining allegations in paragraph 60.

4    61.    ExxonMobil admits that the S/R American Progress is a Jones Act vessel.
5  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth
6  of the remaining allegations in paragraph 61and, on that basis, denies them.

7    62.    ExxonMobil admits the S/R American Progress, a Jones Act vessel
8  owned by ExxonMobil affiliate Sea River Maritime, Inc., is in service as a U.S. Gulf
9  Coast region supply ship.  ExxonMobil states that in the summer 2015, the S/R
10  American Progress traveled to Singapore for planned maintenance and related
11  activities. ExxonMobil denies the remaining allegations in paragraph 62.

12    63.    ExxonMobil admits that it owns a refinery in Singapore.  ExxonMobil
13  states that in the summer 2015, the S/R American Progress traveled to Singapore for
14  planned maintenance and related activities.  The S/R American Progress  returned to
15  service in the U.S. Gulf Coast with an available cargo of Florida-spec gasoline after its
16  required maintenance was completed.  Shortly before, ExxonMobil contracted with a
17  third party ship to carry California-spec gasoline blendstock from Singapore to
18  California.  ExxonMobil denies the remaining allegations in paragraph 63.

19    64.    ExxonMobil admits that the S/R American Progress traveled to
20  Singapore for planned maintenance and related activities.  The S/R American Progress
21  returned to service in the U.S. Gulf Coast with an available cargo of Florida-spec
22  gasoline after its required maintenance was completed.  The S/R American Progress
23  made a routine stop in a California port on the way from Singapore to prepare for its
24  trip to the U.S. Gulf Coast.  Shortly before the S/R American Progress departed
25  Singapore, ExxonMobil contracted with a third party ship to carry California-spec
26  gasoline blendstock from Singapore to California. ExxonMobil denies the remaining
27  allegations in paragraph 64.

28

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

65.     ExxonMobil admits that the FPMC 21, a vessel chartered by ExxonMobil, delivered California-spec gasoline blendstock from Singapore to Los Angeles during the summer of 2015. ExxonMobil denies the remaining allegations in paragraph 65.

66.     ExxonMobil denies the allegations in paragraph 66.

67.     ExxonMobil denies the allegations in paragraph 67.

68.     ExxonMobil admits that it purchased gasoline to meet its contractual obligations in 2015.  To the extent this paragraph relies on California State Lands Commission data and a report, letter or article, that data, report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  ExxonMobil denies the remaining allegations in paragraph 68, and specifically denies that it engaged in any anticompetitive conduct.

69.     ExxonMobil admits that it imported gasoline to California in 2015. ExxonMobil denies the remaining allegations in paragraph 69.

70.     ExxonMobil admits that it imported products, like Alkylate, in 2015 and 2016.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct). ExxonMobil denies the remaining allegations in paragraph 70.

71.     To the extent the allegations in paragraph 71 are not specific to ExxonMobil, ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in paragraph 71 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

72.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 72 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 72 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

73.     Paragraph 73 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

74.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 74 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 74 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

75.     The allegations in paragraph 75 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 75 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

76.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 76 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 76 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

77.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 77 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 77 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

78.     The allegations in paragraph 78 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 78 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

79.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 79 consist of vague, conclusory,

1    and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

2    knowledge or information sufficient to form a belief as to the truth of those allegations

3    and, on that basis, denies them.  To the extent any remaining allegations in paragraph

4    79 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

5    specifically denies that it engaged in any anticompetitive conduct.

6          80.    To the extent this paragraph quotes from or relies on a report, letter or

7    article, that report, letter or article speaks for itself (though ExxonMobil denies the

8    substance of any allegation suggesting ExxonMobil engaged in any anticompetitive

9    conduct).  Paragraph 80 states legal conclusions to which no response is required.  To

10   the extent a response is required, ExxonMobil denies the allegations in paragraph 80.

11         81.    To the extent this paragraph quotes from or relies on a report, letter or

12   article, that report, letter or article speaks for itself (though ExxonMobil denies the

13   substance of any allegation suggesting ExxonMobil engaged in any anticompetitive

14   conduct).  The remaining allegations in paragraph 81 consist of vague, conclusory,

15   and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

16   knowledge or information sufficient to form a belief as to the truth of those allegations

17   and, on that basis, denies them.  To the extent any remaining allegations in paragraph

18   81 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

19   specifically denies that it engaged in any anticompetitive conduct or that its Torrance

20   refinery made a profit in 2015.

21         82.    Paragraph 82 states no factual allegations as to ExxonMobil and therefore

22   no response is required.  To the extent a response is required, ExxonMobil lacks

23   knowledge or information sufficient to form a belief as to the truth of these allegations

24   and, on that basis, denies them.

25         83.    Paragraph 83 states no factual allegations as to ExxonMobil and therefore

26   no response is required.  To the extent a response is required, ExxonMobil lacks

27   knowledge or information sufficient to form a belief as to the truth of these allegations

28   and, on that basis, denies them.

84.     Paragraph 84 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

85.     ExxonMobil denies the allegations in paragraph 85.

86.     Paragraph 86 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent this paragraph quotes from or relies on CEC and/or PMAC meeting materials, those materials speak for themselves.

87.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 87 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 87 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

88.     The allegations in paragraph 88 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 88 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

89.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 89 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 89 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

90.     To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 90 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 90 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

91.     Paragraph 91 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent this paragraph quotes from or relies on a report or article, that report or article speaks for itself.  To the extent an additional response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

92.     Paragraph 92 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent this paragraph quotes from or relies on a report or article, that report or article speaks for itself.  To the extent an additional response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

93.     Paragraph 93 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent this paragraph quotes from or relies on a report or article, that report or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent an additional response is required, ExxonMobil lacks

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

94.     Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 94.

95.     Paragraph 95 states no factual allegations as to ExxonMobil and therefore no response is required.  Paragraph 95 also states legal conclusions to which no response is required.  To the extent an additional response is required, ExxonMobil denies the allegations in paragraph 95.

96.     Paragraph 96 states no factual allegations as to ExxonMobil and therefore no response is required.  Paragraph 96 also states legal conclusions to which no response is required.  To the extent an additional response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

97.     Paragraph 97 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

98.     Paragraph 98 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

99.     Paragraph 99 states no factual allegations as to ExxonMobil and therefore no response is required.  Paragraph 84 also states legal conclusions to which no response is required.

100.   Paragraph 100 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil

1   lacks knowledge or information sufficient to form a belief as to the truth of these

2   allegations and, on that basis, denies them.

3       101.   Paragraph 101 states no factual allegations as to ExxonMobil and

4   therefore no response is required.  To the extent this paragraph quotes from or relies

5   on a report, letter or article, that report, letter or article speaks for itself.  To the extent

6   a response is required, ExxonMobil lacks knowledge or information sufficient to form

7   a belief as to the truth of these allegations and, on that basis, denies them.

8       102.   Paragraph 102 states no factual allegations as to ExxonMobil and

9   therefore no response is required.  To the extent a response is required, ExxonMobil

10  admits that numerous factors can impact gasoline prices.  ExxonMobil lacks

11  knowledge or information sufficient to form a belief as to the truth of the remaining

12  allegations and, on that basis, denies them.

13      103.   Paragraph 103 states no factual allegations as to ExxonMobil and

14  therefore no response is required.  To the extent a response is required, ExxonMobil

15  admits that California is an isolated gasoline market and that California law mandates

16  a specific formulation for gas during spring and summer months.  ExxonMobil lacks

17  knowledge or information sufficient to form a belief as to the truth of the remaining

18  allegations and, on that basis, denies them.

19      104.   Paragraph 104 states no factual allegations as to ExxonMobil and

20  therefore no response is required.  To the extent this paragraph quotes from or relies

21  on a report, letter or article, that report, letter or article speaks for itself.  To the extent

22  an additional response is required, ExxonMobil lacks knowledge or information

23  sufficient to form a belief as to the truth of these allegations and, on that basis, denies

24  them.

25      105.   Paragraph 105 states no factual allegations as to ExxonMobil and

26  therefore no response is required.  To the extent this paragraph quotes from or relies

27  on a report, letter or article, that report, letter or article speaks for itself.  To the extent

28  an additional response is required, ExxonMobil lacks knowledge or information

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1   sufficient to form a belief as to the truth of these allegations and, on that basis, denies

2   them.

3        106.   Paragraph 106 states no factual allegations as to ExxonMobil and

4   therefore no response is required.  To the extent this paragraph quotes from or relies

5   on a report, letter or article, that report, letter or article speaks for itself.  To the extent

6   an additional response is required, ExxonMobil lacks knowledge or information

7   sufficient to form a belief as to the truth of these allegations and, on that basis, denies

8   them.

9        107.   Paragraph 107 states no factual allegations as to ExxonMobil and

10  therefore no response is required.  To the extent this paragraph quotes from or relies

11  on a report, letter or article, that report, letter or article speaks for itself.  To the extent

12  an additional response is required, ExxonMobil lacks knowledge or information

13  sufficient to form a belief as to the truth of these allegations and, on that basis, denies

14  them.

15       108.   Paragraph 108 states no factual allegations as to ExxonMobil and

16  therefore no response is required.  To the extent this paragraph quotes from or relies

17  on a report, letter or article, that report, letter or article speaks for itself.  To the extent

18  an additional response is required, ExxonMobil lacks knowledge or information

19  sufficient to form a belief as to the truth of these allegations and, on that basis, denies

20  them.

21       109.   ExxonMobil admits only that it is a member of trade associations and

22  organizations, which sometimes hold meetings.  ExxonMobil denies the remaining

23  allegations in Paragraph 109.

24       110.   The allegations in paragraph 110 relate to alleged conduct that occurred

25  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

26  response is required.  To the extent that a response is required, ExxonMobil admits

27  only that it is a member of trade associations and organizations.  ExxonMobil denies

28  the remaining allegations in Paragraph 110.

111.   The allegations in paragraph 111 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil denies the allegations in Paragraph 111.

112.   The allegations in paragraph 112 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil admits only that it is a member of trade associations and organizations, including WSPA. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 and, on that basis, denies them.

113.   The allegations in paragraph 113 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil admits only that it is a member of trade associations and organizations, including as a board member of API.  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and, on that basis, denies them.

114.   The allegations in paragraph 114 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil admits only that it is a member of trade associations and organizations, including AFPM. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 and, on that basis, denies them.

115.   The allegations in paragraph 115 relate to alleged conduct that occurred prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no response is required.  To the extent that a response is required, ExxonMobil admits only that it is a member of trade associations and organizations, including SIGMA.

1   ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth

2   of the remaining allegations in paragraph 115 and, on that basis, denies them.

3       116.   The allegations in paragraph 116 relate to alleged conduct that occurred

4   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

5   response is required.  To the extent that a response is required, ExxonMobil admits

6   only that it is a member of trade associations and organizations, including PMAA.

7   ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth

8   of the remaining allegations in paragraph 116 and, on that basis, denies them.

9       117.   ExxonMobil admits only that it is a member of trade associations and

10  organizations and that such associations and organizations sometimes engage in

11  lobbying activities.  ExxonMobil denies the remaining allegations in paragraph 117.

12      118.   The allegations in paragraph 118 relate to alleged conduct that occurred

13  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

14  response is required.  To the extent that a response is required, ExxonMobil lacks

15  knowledge or information sufficient to form a belief as to the truth of the allegations

16  in paragraph 118 and, on that basis, denies them.

17      119.   Paragraph 119 states no factual allegations as to ExxonMobil and

18  therefore no response is required.  To the extent a response is required, ExxonMobil

19  denies the allegations in the first and final sentences of Paragraph 119 and lacks

20  knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations and, on that basis, denies them.

22      120.   Paragraph 120 states no factual allegations as to ExxonMobil and

23  therefore no response is required.  To the extent a response is required, ExxonMobil

24  denies the allegations in the first and final sentences of Paragraph 120 and lacks

25  knowledge or information sufficient to form a belief as to the truth of the remaining

26  allegations and, on that basis, denies them.

27      121.   ExxonMobil denies the allegations in Paragraph 121.

28

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1    122.   The allegations in paragraph 122 relate to alleged conduct that occurred

2    prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

3    response is required.   Paragraph 122 states legal conclusions and no factual

4    allegations as to ExxonMobil and therefore no response is required.  To the extent a

5    response is required, ExxonMobil denies the allegations in the first sentence of

6    Paragraph 122 and lacks knowledge or information sufficient to form a belief as to the

7    truth of the remaining allegations and, on that basis, denies them.

8    123.   In response to Paragraph 123, ExxonMobil incorporates by reference

9    each and every answer set forth in the preceding paragraphs.  To the extent an

10   additional response is required, ExxonMobil denies the allegations in Paragraph 123.

11   124.   The allegations in paragraph 124 consist of vague, conclusory, and

12   generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge

13   or information sufficient to form a belief as to the truth of those allegations and, on

14   that basis, denies them.  To the extent any remaining allegations in paragraph 124 are

15   construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

16   specifically denies that it engaged in any anticompetitive conduct.

17   125.   To the extent this paragraph quotes from or relies on a report, letter or

18   article, that report, letter or article speaks for itself (though ExxonMobil denies the

19   substance of any allegation suggesting ExxonMobil engaged in any anticompetitive

20   conduct).  The remaining allegations in paragraph 125 consist of vague, conclusory,

21   and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

22   knowledge or information sufficient to form a belief as to the truth of those allegations

23   and, on that basis, denies them.  To the extent any remaining allegations in paragraph

24   125 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

25   specifically denies that it engaged in any anticompetitive conduct.

26   126.   The allegations in paragraph 126 consist of vague, conclusory, and

27   generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge

28   or information sufficient to form a belief as to the truth of those allegations and, on

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1   that basis, denies them.  To the extent any remaining allegations in paragraph 126 are

2   construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

3   specifically denies that it engaged in any anticompetitive conduct.

4       127.   Paragraph 127 states no factual allegations as to ExxonMobil and

5   therefore no response is required.  To the extent this paragraph quotes from or relies

6   on a report or article, that report or article speaks for itself.  To the extent a response is

7   required, ExxonMobil denies the allegations in paragraph 127.

8       128.   Paragraph 128 states no factual allegations as to ExxonMobil and

9   therefore no response is required.  To the extent a response is required, ExxonMobil

10   lacks knowledge or information sufficient to form a belief as to the truth of these

11   allegations and, on that basis, denies them.

12       129.   Paragraph 129 states no factual allegations as to ExxonMobil and

13   therefore no response is required.  To the extent a response is required, ExxonMobil

14   lacks knowledge or information sufficient to form a belief as to the truth of these

15   allegations and, on that basis, denies them.

16       130.   To the extent this paragraph quotes from or relies on a report, letter or

17   article, that report, letter or article speaks for itself (though ExxonMobil denies the

18   substance of any allegation suggesting ExxonMobil engaged in any anticompetitive

19   conduct).  The remaining allegations in paragraph 130 consist of vague, conclusory,

20   and generalized assertions not specific to ExxonMobil.  ExxonMobil is without

21   knowledge or information sufficient to form a belief as to the truth of those allegations

22   and, on that basis, denies them.  To the extent any remaining allegations in paragraph

23   130 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and

24   specifically denies that it engaged in any anticompetitive conduct.

25       131.   ExxonMobil admits only that it received a subpoena from California's

26   Attorney General, Kamala Harris, in 2016 related to its refinery operations in

27   California and that this receipt was acknowledged in pleadings in a related litigation.

28   To the extent the remaining allegations in paragraph 131 consist of assertions not

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1  specific to ExxonMobil, ExxonMobil is without knowledge or information sufficient

2  to form a belief as to the truth of those allegations and, on that basis, denies them.  To

3  the extent any remaining allegations in paragraph 131 relate to ExxonMobil,

4  ExxonMobil denies such allegations, and specifically denies that it engaged in any

5  anticompetitive conduct.

6        132.   The allegations in paragraph 132 relate to alleged conduct that occurred

7  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

8  response is required.  To the extent that a response is required, the allegations in

9  paragraph 132 consist of vague, conclusory, and generalized assertions not specific to

10  ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

11  belief as to the truth of those allegations and, on that basis, denies them.  To the extent

12  this paragraph quotes from or relies on a report, letter or article, that report, letter or

13  article speaks for itself (though ExxonMobil denies the substance of any allegation

14  suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any

15  remaining allegations in paragraph 132 are construed to relate to ExxonMobil,

16  ExxonMobil denies such allegations, and specifically denies that it engaged in any

17  anticompetitive conduct.

18        133.   The allegations in paragraph 133 relate to alleged conduct that occurred

19  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

20  response is required.  To the extent that a response is required, the allegations in

21  paragraph 133 consist of vague, conclusory, and generalized assertions not specific to

22  ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

23  belief as to the truth of those allegations and, on that basis, denies them.  To the extent

24  this paragraph quotes from or relies on a report, letter or article, that report, letter or

25  article speaks for itself (though ExxonMobil denies the substance of any allegation

26  suggesting ExxonMobil engaged in any anticompetitive conduct). To the extent any

27  remaining allegations in paragraph 133 are construed to relate to ExxonMobil,

28

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1   ExxonMobil denies such allegations, and specifically denies that it engaged in any

2   anticompetitive conduct.

3        134.   The allegations in paragraph 134 relate to alleged conduct that occurred

4   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

5   response is required.  To the extent that a response is required, the allegations in

6   paragraph 134 consist of vague, conclusory, and generalized assertions not specific to

7   ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

8   belief as to the truth of those allegations and, on that basis, denies them.  To the extent

9   this paragraph quotes from or relies on a report, letter or article, that report, letter or

10  article speaks for itself (though ExxonMobil denies the substance of any allegation

11  suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any

12  remaining allegations in paragraph 134 are construed to relate to ExxonMobil,

13  ExxonMobil denies such allegations, and specifically denies that it engaged in any

14  anticompetitive conduct.

15       135.   The allegations in paragraph 135 relate to alleged conduct that occurred

16  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

17  response is required.  To the extent that a response is required, the allegations in

18  paragraph 135 consist of vague, conclusory, and generalized assertions not specific to

19  ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

20  belief as to the truth of those allegations and, on that basis, denies them.  To the extent

21  this paragraph quotes from or relies on a report, letter or article, that report, letter or

22  article speaks for itself (though ExxonMobil denies the substance of any allegation

23  suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any

24  remaining allegations in paragraph 135 are construed to relate to ExxonMobil,

25  ExxonMobil denies such allegations, and specifically denies that it engaged in any

26  anticompetitive conduct.

27       136.   The allegations in paragraph 136 relate to alleged conduct that occurred

28  prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1   response is required.  To the extent that a response is required, the allegations in

2   paragraph 136 consist of vague, conclusory, and generalized assertions not specific to

3   ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a

4   belief as to the truth of those allegations and, on that basis, denies them.  To the extent

5   this paragraph quotes from or relies on a report, letter or article, that report, letter or

6   article speaks for itself (though ExxonMobil denies the substance of any allegation

7   suggesting ExxonMobil engaged in any anticompetitive conduct).  To the extent any

8   remaining allegations in paragraph 136 are construed to relate to ExxonMobil,

9   ExxonMobil denies such allegations, and specifically denies that it engaged in any

10   anticompetitive conduct.

11        137.   The allegations in paragraph 137 relate to alleged conduct that occurred

12   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

13   response is required.  Paragraph 137 states no factual allegations as to ExxonMobil

14   and therefore no response is required.  To the extent a response is required,

15   ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth

16   of the allegations of paragraph 137 and, on that basis, denies them.

17        138.   The allegations in paragraph 138 relate to alleged conduct that occurred

18   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

19   response is required.  Paragraph 138 states no factual allegations as to ExxonMobil

20   and therefore no response is required.  To the extent a response is required,

21   ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth

22   of the allegations in paragraph 138 and, on that basis, denies them.

23        139.   The allegations in paragraph 139 relate to alleged conduct that occurred

24   prior to June 21, 2014 and thus have been dismissed by the Court (Dkt. 108) and no

25   response is required.  Paragraph 139 states no factual allegations as to ExxonMobil

26   and therefore no response is required.  To the extent a response is required,

27   ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth

28   of the allegations of paragraph 139 and, on that basis, denies them.

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

140.    Paragraph 140 states no factual allegations as to ExxonMobil and therefore no response is required.  To the extent a response is required, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 and, on that basis, denies them.

141.    To the extent this paragraph quotes from or relies on a report, letter or article, that report, letter or article speaks for itself (though ExxonMobil denies the substance of any allegation suggesting ExxonMobil engaged in any anticompetitive conduct).  The remaining allegations in paragraph 141 consist of vague, conclusory, and generalized assertions not specific to ExxonMobil.  ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent any remaining allegations in paragraph 141 are construed to relate to ExxonMobil, ExxonMobil denies such allegations, and specifically denies that it engaged in any anticompetitive conduct.

142.    Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 142.

143.    Paragraph 143 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 143.

144.    Paragraph 144 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 144.

145.    Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 145.

146.    Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 146.

1    147.   Paragraph 147 states legal conclusions to which no response is required.
2  To the extent a response is required, ExxonMobil denies the allegations in paragraph
3  147.

4    148.   Paragraph 148 states legal conclusions to which no response is required.
5  To the extent a response is required, ExxonMobil denies the allegations in paragraph
6  148.

7    149.   Paragraph 149 states legal conclusions to which no response is required.
8  To the extent a response is required, ExxonMobil denies the allegations in paragraph
9  149.

10    150.   Paragraph 150 states legal conclusions to which no response is required.
11  To the extent a response is required, ExxonMobil denies the allegations in paragraph
12  150.

13    151.   Paragraph 151 states legal conclusions to which no response is required.
14  To the extent a response is required, ExxonMobil denies the allegations in paragraph
15  151.

16    152.   Paragraph 152 states legal conclusions to which no response is required.
17  To the extent a response is required, ExxonMobil denies the allegations in paragraph
18  152.

19    153.   ExxonMobil denies the allegations in Paragraph 153.

20    154.   ExxonMobil denies the allegations in Paragraph 154.

21    155.   ExxonMobil denies the allegations in Paragraph 155.

22    156.   ExxonMobil denies the allegations in Paragraph 156.

23    157.   Paragraph 157 states legal conclusions to which no response is required.
24  To the extent a response is required, ExxonMobil denies the allegations in paragraph
25  157.

26    158.   Paragraph 158 states legal conclusions to which no response is required.
27  To the extent a response is required, ExxonMobil denies the allegations in paragraph
28  158.

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

1    159.   ExxonMobil denies the allegations in Paragraph 159.

2    160.   Paragraph 160 states legal conclusions to which no response is required.

3  To the extent a response is required, ExxonMobil denies the allegations in paragraph

4  160.

5    161.   ExxonMobil denies the allegations in Paragraph 161.

6    162.   ExxonMobil denies the allegations in Paragraph 161.

7    163.   ExxonMobil denies the allegations in Paragraph 163.

8    164.   ExxonMobil denies the allegations in Paragraph 164.

9    165.   ExxonMobil denies the allegations in Paragraph 165.

10   166.   ExxonMobil denies the allegations in Paragraph 166.

11   167.   ExxonMobil denies the allegations in Paragraph 167.

12   168.   ExxonMobil denies the allegations in Paragraph 168.

13   169.   In response to paragraph 169, ExxonMobil incorporates by reference

14  each and every answer set forth in the preceding paragraphs.

15   170.   Paragraph 170 states legal conclusions to which no response is required.

16  To the extent a response is required, ExxonMobil denies the allegations in paragraph

17  170.

18   171.   Paragraph 171 states legal conclusions to which no response is required.

19  To the extent a response is required, ExxonMobil denies the allegations in paragraph

20  171.

21   172.   Paragraph 172 states legal conclusions to which no response is required.

22  To the extent a response is required, ExxonMobil denies the allegations in paragraph

23  172.

24   173.   Paragraph 173 states legal conclusions to which no response is required.

25  To the extent a response is required, ExxonMobil denies the allegations in paragraph

26  173.

27

28

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

174.   Paragraph 174 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 174.

175.   In response to Paragraph 175, ExxonMobil incorporates by reference each and every answer set forth in the preceding paragraphs.

176.   Paragraph 176 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 176.

177.   Paragraph 177 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 177.

178.   Paragraph 178 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 178.

179.   ExxonMobil denies the allegations in Paragraph 179.

180.   ExxonMobil denies the allegations in Paragraph 180.

181.   Paragraph 181 states legal conclusions to which no response is required. To the extent a response is required, ExxonMobil denies the allegations in paragraph 181.

## AFFIRMATIVE DEFENSES

ExxonMobil hereby expressly incorporates its answers to the allegations in the Consolidated Complaint ("CC") as set out above and, with respect to each affirmative defense, incorporates the facts alleged as to every other affirmative defense.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted)

The CC, and each claim for relief therein, fails to state facts sufficient to constitute a cause of action against ExxonMobil.

## SECOND AFFIRMATIVE DEFENSE

(Class Action)

This action cannot be maintained as a class action because it does not satisfy the requirements of Federal Rule of Civil Procedure 23.

## THIRD AFFIRMATIVE DEFENSE

(Standing)

The CC, and each claim for relief therein, is barred and/or limited to the extent that Plaintiffs lack standing, including antitrust standing, to bring the claims raised in the CC.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Injury)

The CC, and each claim for relief therein, is barred and/or limited to the extent that Plaintiffs have not sustained a cognizable injury or antitrust injury attributable to ExxonMobil's conduct.

## FIFTH AFFIRMATIVE DEFENSE

(No or Speculative Damages)

Plaintiffs and members of the putative class have suffered no damages and any damages alleged and/or suffered by the Plaintiffs and members of the putative class are speculative.

## SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The CC, and each claim for relief therein, is barred and/or limited by the applicable statute of limitations, including, but not limited to, 15 U.S.C. § 15b, California Business and Professions Code section 17208, and California Code of Civil Procedure sections 335.1, 338(b), and/or 343.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The allegations of the CC, and each claim for relief therein, is barred, in whole or in part, by the doctrine of estoppel, waiver, laches, unclean hands, and/or unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Indirect Purchaser)

The allegations of the CC, and each claim for relief therein, is barred, in whole or in part, by the bar on indirect purchaser actions as articulated in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The injuries, damages, and losses alleged in the CC, none being admitted, may have been caused, at least in part, by Plaintiffs' failure to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Other Causes/Unavoidable Accident)

The injuries, damages, and losses alleged in the CC, none being admitted, may have resulted, at least in part, from independent, unforeseeable, superseding, unavoidable, and/or intervening causes, including unavoidable accidents.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Control)

To the extent any actionable conduct occurred, it occurred by entities independent from and not controlled by ExxonMobil. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs and members of the putative class.

## TWELFTH AFFIRMATIVE DEFENSE

(Setoff)

To the extent Plaintiffs are seeking damages for amounts that have already been reimbursed or compensated by ExxonMobil or others, ExxonMobil is entitled to setoff.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Basis for Injunctive Relief)

The CC, and each claim for relief therein, is barred and/or limited because no threat of immediate or continuing harm exists sufficient to support a grant of injunctive relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Multiple Recoveries)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in ExxonMobil paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to ExxonMobil by applicable states' laws and by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Withdrawal)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of withdrawal.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Compliance with Applicable Laws)

The CC, and each claim for relief therein, is barred and/or limited to the extent the alleged conduct and activity of ExxonMobil conformed to applicable laws, government regulations, and industry standards based upon the state of knowledge existing at relevant times.

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Pass-On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damages alleged in the CC was not incurred by Plaintiffs because any alleged higher price by an upstream refiner was not passed on to retail purchasers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Antitrust Violation)

Plaintiffs' claims are barred because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted lawful, bona fide business behavior.

## NINETEENTH AFFIRMATIVE DEFENSE

(No Market Alleged)

The CC fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against ExxonMobil.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Lessened Competition)

Plaintiffs' claims are barred in whole or in part because the acts or omissions of ExxonMobil did not substantially lessen competition in any properly defined market.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unconstitutional Relief)

Plaintiffs' claims are barred in whole or in part because any award of damages or treble damages against ExxonMobil based on the alleged conduct would violate the Due Process and/or Excessive Fines Clauses of the Constitution of the United States.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(*Noerr-Pennington* Doctrine)

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution and the *Noerr-Pennington* doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Individual *Ultra Vires* Action)

To the extent any actionable conduct occurred, Plaintiffs' claims are barred to the extent that such conduct was committed by an individual acting *ultra vires*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Co-Defendants)

ExxonMobil reserves the right to adopt the affirmative defenses pled by other defendants in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defenses)

ExxonMobil has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. ExxonMobil further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that ExxonMobil determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, ExxonMobil prays for Judgment as follows:

(1)    that Plaintiffs takes nothing by reason of the CC or any claims for relief stated therein;

(2)    that the CC, and each claim for relief contained therein, be dismissed against ExxonMobil with prejudice;

(3)    that judgment be entered in favor of ExxonMobil;

(4)    that ExxonMobil recover its costs, disbursements, expenses, and attorneys' fees herein; and that the Court grant such other and further relief as it may deem just and proper.

1

Dated:  June 24, 2019                    **O'MELVENY & MYERS LLP**

2

3                                         By:    _s/ Dawn Sestito_

4                                                **O'MELVENY & MYERS LLP**
                                                 DAWN SESTITO
5                                                M. RANDALL OPPENHEIMER
                                                 CHARLES C. LIFLAND

6                                                **WILSON TURNER KOSMO LLP**
7                                                ROBIN A. WOFFORD
                                                 FREDERICK W. KOSMO, JR.
8                                                KATHERINE M. MCCRAY
                                                 HUBERT KIM

9                                                Attorneys for Defendant
10                                               EXXON MOBIL CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXXONMOBIL'S ANSWER
Case No. 3:18-cv-01374-L-AGS