MORGAN, LEWIS & BOCKIUS LLP
Kent M. Roger (SBN 95987)
kent.roger@morganlewis.com
Minna L. Naranjo (SBN 259005)
minna.naranjo@morganlewis.com
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Attorneys for Defendant Equilon Enterprises LLC (d/b/a Shell Oil Products US)*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., <br><br> Plaintiff, <br><br> v. <br><br> BP WEST COAST PRODUCTS LLC et al., <br><br> Defendants. | Case No. 15-cv-01749-TWR-AGS <br><br> **CLASS ACTION** <br><br> **SUPPLEMENTAL DECLARATION OF KENT M. ROGER IN SUPPORT OF EQUILON ENTERPRISES LLC'S (D/B/A SHELL OIL PRODUCTS US) OPPOSITION TO PLAINTIFFS' MOTION FOR FURTHER SANCTIONS** |
| RICHARD BARTLETT et al. <br><br> Plaintiffs, <br><br> v. <br><br> BP WEST COAST PRODUCTS LLC et al. <br><br> Defendants. | Lead Case No. 18-cv-01374-TWR-AGS (consolidated with No. 18-cv-01377-TWR-AGS <br><br> **CLASS ACTION** <br><br> Date: September 2, 2021 <br> Time: 4:00 pm <br> Location: 5C <br> Judge: Andrew G. Schopler |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SUPPLEMENTAL DECLARATION OF KENT ROGER

3:15-cv-01749-TWR-AGS
3:18-cv-01374-TWR-AGS

I, Kent M. Roger, hereby declare as follows:

1. I am an attorney admitted to practice before the courts of the State of California and this District Court. I am a partner with Morgan, Lewis & Bockius LLP, counsel for Defendant Equilon Enterprises LLC (d/b/a Shell Oil Products US) ("Shell") in this action. I make this declaration in support of Shell's Opposition to Plaintiff Persian Gulf Inc.'s Motion for Further Sanctions. I have personal knowledge of the facts set forth herein, and if sworn, I could and would competently testify to them.

2. As outside counsel for Shell in this litigation, I have been directly involved in discovery in this case, including meet-and-confer discussions with Plaintiffs' counsel.

3. At no time did I represent to Plaintiffs' counsel that Shell had issued only two mobile devices for Mike Kavalinas for the entire discovery relevant time period or that only two mobile devices were subject to incidences of lost data. On meet and confer calls with Plaintiffs' counsel, my co-counsel Minna Naranjo and I represented that Shell was *aware* of two devices for which there was lost data, based on what Mr. Kavalinas reported from his recollection: one that Mr. Kavalinas stated he had dropped in the water, and one that Mr. Kavalinas stated he turned in to Shell when it stopped working.

4. Neither in October 2020 nor at any time before Plaintiffs filed their first motion for sanctions did I tell their counsel that Shell had located the phone that Kavalinas had turned in or that Shell was testing that device for processing and production or at all. Ms. Naranjo and I told Plaintiffs' counsel that Shell was attempting to track down the phone that Mr. Kavalinas had turned in in order to determine whether it could be processed for production of its texts. On March 18, 2021 I emailed to Plaintiffs' counsel that I had become aware that a phone with an attached post-it bearing Mike Kavalinas's name had been located at Shell the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
SUPPLEMENTAL DECLARATION OF KENT ROGER

3:15-CV-01749-TWR-AGS
3:18-cv-01374-TWR-AGS

day before, that we were investigating as quickly as possible and that we would keep counsel apprised of developments as quickly as possible. *See* Hartley 8/4/2021 Decl., Ex. A (ECF No. 756-2).

5. Attached hereto as Exhibit A is a true and correct copy of excerpts from the deposition of Mike Kavalinas.

6. Attached hereto as Exhibit B is a true and correct copy of Exhibit 503 from Mike Kavalinas's deposition, which is a March 15, 2016 email produced by Shell between Mr. Kavalinas and other Shell traders about west coast gasoline.

7. I requested that my team review the documents of Mike Kavalinas produced to Plaintiffs in discovery in this litigation. Based on that review, my team identified emails of which Mike Kavalinas was a custodian that were dated as early as January 4, 2016 and ICE chats of which Mike Kavalinas was a custodian that were also dated as early as January 4, 2016. Attached as Exhibit C is a true and correct copy of SOPUS_PGI_00225518, an email dated January 4, 2016 from Shell's seventh production, which was produced to Plaintiffs on September 9, 2019. And, attached as Exhibit D is a true and correct copy of excerpts from SOPUS_PGI_01361352, which contains Shell's production of chat communications for Mike Kavalinas, which were produced to Plaintiffs on May 11, 2020.

8. Attached as Exhibit E is a true and correct copy of excerpts from the deposition of Steve Rodrick taken in this litigation.

9. On August 17, 2021, I was informed that Shell's eDiscovery vendor had identified a mobile phone that was likely issued to Mike Kavalinas. The following day, Shell's vendor reported that the phone was first set up and used in mid-March 2018. I have directed that this phone's texts be processed as quickly as possible for production to Plaintiffs.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3
SUPPLEMENTAL DECLARATION OF KENT ROGER

3:15-CV-01749-TWR-AGS
3:18-cv-01374-TWR-AGS

10. On learning that this phone was likely from the relevant time period of this litigation, I notified Plaintiffs' counsel by email to ask to discuss whether the most efficient course would be to process the phone's texts for production for their evaluation. With Shell's opposition to the sanctions motion due the next day I wrote that we wished to discuss a schedule for production and Plaintiffs' evaluation of the texts and for thereafter picking up the briefing on the motion. Plaintiffs' counsel responded: "We are not inclined to change any of the briefing schedule, particularly given the history of this dispute." Attached as Exhibit F is a true and correct copy of my correspondence with Plaintiffs' counsel from August 18, 2021.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this declaration was executed on August 19, 2021.

_____
Kent M. Roger

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

4
SUPPLEMENTAL DECLARATION OF KENT ROGER

3:15-CV-01749-TWR-AGS
3:18-cv-01374-TWR-AGS

# Exhibit A

[FILED UNDER SEAL]

# Exhibit B

[FILED UNDER SEAL]

# Exhibit C

[FILED UNDER SEAL]

# Exhibit D

[FILED UNDER SEAL]

Exhibit E

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             SOUTHERN DISTRICT OF CALIFORNIA
 3
 4   PERSIAN GULF, INC.,           )
                                   )
 5            Plaintiff,           )   Case No.
                                   )   3:15-cv-01749-DMS-AGS
 6       vs.                       )
                                   )   Lead Case No.
 7   BP WEST COAST PRODUCTS LLC,   )   3:18-cv-01374-DMS-AGS
     et al.,                       )   (Consolidated with
 8                                 )   Case No.
              Defendants.          )   3:18-cv-01377-DMS-AGS)
 9   _____)
                                   )
10   RICHARD BARTLETT, et al.,     )
                                   )
11            Plaintiffs,          )
                                   )
12       vs.                       )
                                   )
13   BP WEST COAST PRODUCTS LLC,   )
     et al.,                       )
14                                 )
              Defendants.          )
15   _____)
16
17         CONFIDENTIAL - ATTORNEYS' EYES ONLY
18      VIDEO-CONFERENCE VIDEOTAPED DEPOSITION OF
19                  STEVEN RODRICK
20                  Houston, Texas
21             Wednesday, July 1, 2020
22
23   Reported by:
     LESLIE JOHNSON
24   RPR, CCRR, CSR No. 11451
     Job No.: 4150295
25   PAGES 1 - 256
```

Page 1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | things, I know that there's rules and far as | 08:31:56 |
| 2 | communication, yes. | |
| 3 | Q   Okay.  Mr. Rodrick, what is your current | |
| 4 | position at Shell? | |
| 5 | A   I am a senior trader in the ethanol group. | 08:32:08 |
| 6 | Q   And where are you based as a senior trader | |
| 7 | in the ethanol group? | |
| 8 | A   Houston. | |
| 9 | Q   When did you start that position? | |
| 10 | A   2000 -- early 2016. | 08:32:22 |
| 11 | Q   And, prior to that, what was your | |
| 12 | position? | |
| 13 | A   Prior to that, I was senior trader West | |
| 14 | Coast gasoline. | |
| 15 | Q   And how long were you in that position? | 08:32:38 |
| 16 | A   Roughly two years.  Early 2014 was when I | |
| 17 | started there. | |
| 18 | Q   And until when? | |
| 19 | A   Until I started ethanol in '16. | |
| 20 | Q   And, prior to being the senior West Coast | 08:32:58 |
| 21 | gasoline trader, what was your position at Shell? | |
| 22 | A   Senior trader mid-continent gasoline. | |
| 23 | Q   And, when you say "mid-continent," what | |
| 24 | geographic area specifically does that encompass for | |
| 25 | trading purposes? | 08:33:18 |

Page 28

# Exhibit F

| | |
|---|---|
| **From:** | Jason Hartley <hartley@hartleyllp.com> |
| **Sent:** | Wednesday, August 18, 2021 4:53 PM |
| **To:** | Roger, Kent M.; Fatima Brizuela |
| **Cc:** | Naranjo, Minna Lo; Tina Glover |
| **Subject:** | Re: Motion For Further Sanctions |

[EXTERNAL EMAIL]
Thank you for sharing this news. Unfortunately I am on a plane that doesn't land until tonight and Fatima is out so we are not able to talk in person. We are ready to accept your production of all responsive data on this new phone. We are not inclined to change any of the briefing schedule, particularly given the history of this dispute.

It would be appropriate to explain in Shell's response what you steadfastly refused to share before, namely the circumstances surrounding the phone's disappearance, discovery, and whereabouts since it was issued to Kavalinas.

**Jason S. Hartley**



101 W. Broadway, Suite 820
San Diego, CA 92101
(619) 400-5822 **TEL**
(619) 400-5832 **FAX**
hartley@hartleyllp.com
hartleyllp.com


The information contained in this message from Hartley LLP, any attachments thereto, and any information contained in messages replying to this message is privileged and confidential.  This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail.  If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. If you have received the foregoing email in error, please contact the sender immediately by return email and delete the original message.


**From:** "Roger, Kent M." <kent.roger@morganlewis.com>
**Date:** Wednesday, August 18, 2021 at 3:34 PM
**To:** Jason Hartley <hartley@hartleyllp.com>, Fatima Brizuela <brizuela@hartleyllp.com>
**Cc:** "Naranjo, Minna Lo" <minna.naranjo@morganlewis.com>
**Subject:** Motion For Further Sanctions

Jason and Fatima,

I called your office and understand you both are out.

We have just become aware that Shell has found a phone apparently issued in March 2018 to Mike Kavalinas.  We are working to understand more about the phone and text messages on it. We called your office to discuss whether the most efficient course right now is to process the phone's texts for production to you and for your evaluation.  With our opposition to the sanctions motion due tomorrow we would like to discuss a schedule for production and your evaluation and for then picking up the briefing.

Are you free for a call now or this afternoon to discuss?  I'm on my cell:  .

**Kent M. Roger**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1140 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
kent.roger@morganlewis.com | www.morganlewis.com
Assistant: Jason Bounds | +1.415.442.1659 | jason.bounds@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.